HARRISON DILLS, Appellant, *v.* SILAS B. HUBBARD, Appellee.

APPEAL FROM ADAMS.

If a party makes an entry upon land, under a conveyance of several adjoining tracts, his actual occupancy of a part, with a claim of title to the whole, will enure as an adverse possession.

THIS was an action of ejectment, brought by Dills against Hubbard, to recover possession of the south-west quarter of section seventeen in town two north, range five west. There was a plea of not guilty; there was a trial and verdict for the defendant. Motion for a new trial was overruled, and there was a judgment for the defendant; the plaintiff below, Dills, prayed this appeal. The facts, upon which the rule of the following opinion is declared, are sufficiently stated in the opinion of the court.

SKINNER, BENNESON & MARSH, and WILLIAMS, GRIMSHAW & WILLIAMS, for Appellant.

BROWNING & BUSHNELL, and WHEAT & GROVER, for Appellee.

BREESE, J. We pass by most of the questions presented on this record, because, at the threshold an error has occurred which must reverse the judgment.

To make out his case, the plaintiff offered to introduce a tax deed from the sheriff of Adams county, for the premises in question, and which being objected to by the defendant except

for the purpose of defining the extent of plaintiff's prior possession of the land, was rejected by the court.

The question we have considered is, was this the proper limit to assign to the operation of the deed offered, defective as it was adjudged to be?

The distinction is, if a party does not make his entry under a proper title, his possession is considered as adverse only to the portion actually occupied. Whereas, if he makes the entry under conveyance of several adjoining tracts, his actual occupancy of a part, with a claim of title to the whole, will enure as an adverse possession of the entire tract. The possession is to be regarded as co-extensive with the description in the deeds under which he enters, and the original entry as a disseisin of the owner to the same extent. *Turney* v. *Chamberlain*, 15 Ill. R. 273, and the cases there cited.

We think the effect allowed by the court to the entry under the deed, was too limited. It should have been admitted to show the *animus*, the intention with which the party entered upon it, in connection with the possession and improvements on the adjoining quarters.

In *Brooks* v. *Bruyn*, 18 Ill. R. 542, this court say, there is no reason why a party having entered upon a tract of land under claim and color of right, and commenced improving it with intention of completing the improvement for actual use, should not be protected in his possession, as against a trespasser, to the extent of the entire tract entered upon, and to which his color of right extends.

The court should judicially take notice, that the three tracts of land claimed by the plaintiff were adjoining quarter sections. Being so, an entry upon one of them, claiming the whole and commencing improvements, with the intention of completing and extending them, would constitute a sufficient possession to enable him to maintain an action against a mere wrong doer, a trespasser upon any part of the tract, thus made an entire tract by the fact of the several tracts adjoining each other.

So in *Davis* v. *Easly*, 13 Ill. R. 200, this court say, the possession is considered as co-extensive with the claim of title, and the acts and declarations of the person entering upon a tract of land, and while in the occupancy thereof, may be given in evidence to explain the character and extent of his claim and possession.

On this point then, we reverse the judgment, and remand the cause for further proceedings in conformity with this opinion.

*Judgment reversed.*