OLOF JOHNSON *et al.*

*v.*

JONATHAN H. BAKER.

1. PROCESS—*from justices of the peace—time of service required—and of the effect of insufficient service.* The statute requires that a summons issued by a justice shall be served at least three days before the trial, and where it appears a trial was had upon a shorter notice than that, unless there was an appearance by the defendant, the justice will have failed to acquire jurisdiction of his person, and any judgment rendered against him will be absolutely void, and may be questioned in any other proceeding, direct or collateral.

2. So where a transcript of a judgment rendered by a justice of the peace, was filed in the office of the Clerk of the Circuit Court, and an

execution was issued thereon, which was levied upon lands, and the lands were sold in pursuance of such levy, it appearing that the summons issued by the justice was served only two days before the judgment was rendered, the judgment and all proceedings under it were held void.

3. JUDGMENT CREDITORS—*redeeming from a prior execution sale—of what they must take notice.* And a junior judgment creditor redeeming from such a sale, and becoming the purchaser in pursuance of such redemption, will acquire no title to the premises. The prior sale being void, his redemption and sale based thereon, will also be void.

4. A judgment creditor, seeking to redeem under such circumstances, will be held to have notice of what the record shows, that the justice had no jurisdiction.

5. FORCIBLE DETAINER—*of the evidence required—title not in question.* Prior to the passage of the amendatory act of 1861, the title to land could not be inquired into for any purpose in this action; nor is the law different now.

6. But where the plaintiff seeks to recover under the provisions of that act, as a purchaser at a sheriff's sale under execution, he must show a valid judgment, an execution, and a deed for the premises on a sale by the sheriff under such a judgment.

7. And if the plaintiff professes to derive his right to recover as a purchaser at a sale based upon a redemption by a judgment creditor from a prior sale on execution, the validity of the judgment under which the prior sale was had, may be inquired into, to ascertain whether it is not void for want of jurisdiction in the court in which it was rendered.

8. And such an inquiry is not a trial of the title to the premises, but is simply requiring the plaintiff to show that his purchase was a legal and valid one; and that being shown, the defendant will not be permitted to show an outstanding title or in any manner try the validity of the title.

WRIT OF ERROR to the Circuit Court of Henry County; the Hon. IRA O. WILKINSON, Judge, presiding.

This was an action of forcible detainer, commenced before a justice of the peace in Henry County, by Olof Johnson and Samuel Remington, against Jonathan H. Baker. The cause was removed, by appeal, into the Circuit Court, where a trial resulted in a verdict and judgment for the defendant. The plaintiffs thereupon sued out this writ of error.

The facts of the case appear in the opinion of the Court.

Mr. JOHN I. BENNETT, for the plaintiffs in error.

Messrs. FROST and SHALLENBERGER, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

In this case plaintiffs in error claim the right to recover, under the act of 1861, amending the forcible entry and detainer law. They recovered a judgment in the Henry Circuit Court for the sum of $214 45, against defendant in error. An execution was issued, and levied upon the premises in controversy, and they were redeemed from a previous sale by the sheriff, on an execution issued upon a transcript of a judgment from the docket of a justice of the peace, filed in the Circuit Clerk's office, which was in favor of Ezekiel Husted, and against defendant in error. After the redemption, when the property was offered for sale, no person bid more than the amount paid to redeem, and the sheriff struck it off to plaintiffs in error, as the purchasers, and made them a deed in accordance with the statute.

Plaintiffs in error read in evidence the execution, and the sheriff's return thereon, showing a sale under the execution issued on the transcript of the justice's judgment in favor of Husted and against defendant in error. They also offered to read the transcript of the judgment rendered by the justice of the peace, but it was rejected by the court, and plaintiffs in error excepted. The transcript shows that defendant was only served two days before judgment was rendered by the justice of the peace. The transcript does not show that an appearance was entered at the trial before the justice.

This presents the question whether the transcript filed in the Clerk's office was such as to warrant a sale, and a subsequent redemption by a junior judgment creditor. The statute declares that a summons shall be issued by a justice of

the peace, returnable in not less than five, nor more than fifteen days from its date, which shall be served at least three days before the trial. R. S. 317, Sec. 21. Such a service, or an appearance, is necessary to authorize a justice of the peace to render a judgment. Neither the necessary service nor appearance was had in this case. The summons was served but two days before the trial, whilst the statute requires three. In the case of *Pardon* v. *Dwire*, 23 Ill. 572, it was held that the return of the constable failing to show that the justice's summons was read to the defendant, the justice failed to acquire jurisdiction of the person of the defendant, and a judgment rendered in the case was utterly void, and could be questioned at any time and in any proceeding direct or collateral; and that title could not be divested or transferred under it. That case is based upon previous decisions of this court, and is decisive of this question, as a service for an insufficient period is as inoperative to confer jurisdiction of the person of the defendant, as service in some other mode than that required by the statute. They are both void because they fail to conform to, and are in violation of the statute. And it follows, as the judgment is utterly void, that such a sale under it would be equally void; and being void, it is not such a judgment as the statute contemplated as the basis of a sale, from which a junior judgment creditor might redeem.

It is, however, insisted, in answer to this view of the case, that the amendatory act of 1861 was designed to afford a speedy trial free from technicalities, and as title can not be tried in this action the court should not inquire into the validity of the judgment and sale under which the claim is made. A want of jurisdiction of the person of the defendant has never been held to be merely technical, but is of the substance of a proceeding. It is based upon reason, and is the only safeguard to the fair administration of justice. As the law stood before the passage of this amendatory act, title could not be inquired into for any purpose in this action. Nor can it now, but the plaintiff claiming the right to recover as a purchaser at a

sheriff's sale, must show that his purchase conformed to the law authorizing the officer to sell. To do this he must produce a valid judgment, an execution, and a deed for the premises on a sale by the sheriff under such a judgment. When this is shown, the defendant in the execution and judgment will not be permitted to show an outstanding title or in any manner try the validity of the title. When the plaintiff has shown that he is a legal purchaser, and acquired a valid sheriff's deed, the law has said he may recover the possession against the defendant in execution. But to require him to show that his purchase was legal and valid, is not requiring the trial of title by the justice of the peace, in this action. .

The purchaser does not acquire the right to recover by showing that he bid off the land at a sheriff's sale. Until he acquires the sheriff's deed after the redemption has expired, he is only regarded as a bidder. If the sale is not set aside, or a redemption is not made within the period limited for the purpose, he then becomes entitled to the sheriff's deed. And inasmuch as judgments, executions, records of courts and their process, can not, under the rules of evidence, be proved orally, they must be produced as evidence, or at least authenticated copies. To require such evidence is not a trial of title any more than is the production of a lease by a landlord in a forcible entry and detainer. Its production shows a title to possession and estops the tenant from disputing the landlord's title; and the production of a valid judgment, an execution and sheriff's deed, estops the defendant from disputing the title of the purchaser to possession of the land. In neither case does the title to the land come in question, but simply the right to its possession.

Records and proceedings of courts are public documents, to which all persons have access, and of which they must take notice. When plaintiffs purchased as redeeming creditors, they should have examined the transcript from the justice's docket, and had they done so they would have seen the justice had no jurisdiction of the person of the defendant, and that

the judgment was unauthorized, and that any sale under it would be inoperative and could confer no title. If they failed to do so it was a neglect of duty and they are equally responsible for the consequences as if they had made the examination and had actual notice. They will not be heard to say that they did not have the notice, because it was open to their inspection, and entirely accessible to them. They were endeavoring to acquire legal rights by the process of the law, and in doing so they should have conformed to its requirements, and seen that other persons had done likewise. The court below decided correctly in rejecting the transcript under which the first sale was made, as there was not such a service as authorized the justice to render a judgment, and for want of a valid judgment, all subsequent proceedings, like the judgment, were void and incapable of conferring any rights upon the purchaser under the transcript, or upon their assignees, which plaintiffs are, under the statute.

The judgment of the Circuit Court must therefore be affirmed

*Judgment affirmed.*