## HENRY B. KEPLEY

### *v.*

## JOSEPH LUKE.

*Filed at Mt. Vernon May 7, 1883.*

1. FORCIBLE ENTRY AND DETAINER—*title not involved.* In the action of forcible entry and detainer, or forcible detainer, the title to the land can not be inquired into for any purpose. The question of title is immaterial. The right to possession is all that is involved or can be determined. Nor is the rule in this regard changed under the statute extending the remedy by forcible detainer in favor of a purchaser of land at an execution sale, where the possession is withheld from him by the execution debtor.

2. APPEAL—*in forcible detainer—no freehold involved.* As a freehold
is not involved in an action of forcible detainer, a writ of error does not lie
from this court to the trial court to review the proceedings. · Such writ
should emanate from the Appellate Court.

WRIT OF ERROR to the County Court of Effingham county;
the Hon. JOSEPH B. JONES, Judge, presiding.

Mr. HENRY B. KEPLEY, *pro se.*

Messrs. WOOD BROS., for the defendant in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This case comes before this court on a writ of error to the
county court of Effingham county. The action is forcible
detainer, and was brought by Henry B. Kepley, against
Joseph Luke. Plaintiff alleges he is entitled to the posses-
sion of the land, described in his complaint made before the
justice of the peace before whom the action was commenced.
On the trial in the justice's court judgment was rendered in
favor of plaintiff, and on defendant's appeal a trial *de novo*
was had in the county court, where judgment was rendered for
defendant, and plaintiff brings the case directly to this court.

A preliminary question is, whether this court has jurisdic-
tion, in the first instance, to entertain this writ of error, and
determine the case on its merits. Unless a freehold is in-
volved it is clear the writ of error should have been sued out
of the Appellate Court of the proper district. No other ques-
tion is involved that would give this court jurisdiction.

Plaintiff purchased the property in controversy at sheriff's
sale, under an execution against the property of defendant,
and hence claims the right of possession as against him.
This suit was commenced under the 6th division of section 2
of the act entitled "Forcible Entry and Detainer," passed in
1861, as the same was amended by the act of 1881, (Session
Laws, page 96,) which provides, among other things, that
"where any lands or tenements have been conveyed by any

grantor in possession, or sold under the judgment or decree of any court of this State, * * * and the party to such judgment or decree * * * refuses or neglects to surrender possession thereof, after demand in writing by the person entitled thereto, or his agent," the action of forcible detainer may be maintained. Prior to the passage of this act, in 1861, it was uniformly held the title to the land could not be inquired into for any purpose in this form of action, and since then this court has frequently decided the rule is the same. *Johnson* v. *Baker*, 38 Ill. 98; *McCartney* v. *McMullen*, id. 237; *Huftalin* v. *Misner*, 70 id. 205.; *Thompson* v. *Sornberger*, 59 id. 326; *Smith* v. *Hoag*, 45 id. 250; *McGuirk* v. *Burry*, 93 id. 118.

In *Johnson* v. *Baker*, it was said: "As the law stood before the passage of this amendatory act" (the act of 1861) "title could not be inquired into for any purpose in this action. Nor can it now; but the plaintiff claiming the right to recover as a purchaser at a sheriff's sale must show that his purchase conformed to the law authorizing the officer to sell. To do this he must produce a valid judgment, an execution, and a deed for the premises, on a sale by the sheriff under such a judgment. When this is shown, the defendant in the execution and judgment will not be permitted to show an outstanding title, or in any manner try the validity of the title." The other cases cited are to the same effect. It is obvious the title to the land in question is in no way involved. In such cases the title is immaterial. (*Brooks* v. *Bruyn*, 18 Ill. 539.) It will be perceived plaintiff only claims in his complaint that he is entitled to the possession of the land, and in that respect it conforms to the statute. The remedy is only given in case "a person is entitled to the possession of lands or tenements." The immediate right of possession is all that is involved, and the title can not be inquired into for any purpose. That being the case, no freehold is involved, and the writ of error must be dismissed.

*Writ of error dismissed.*