# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

### THE RIVERSIDE COMPANY

*v.*

### AUGUSTA M. TOWNSHEND *et al.*

*Filed at Mt. Vernon November 10, 1886.*

1. SETTING ASIDE TAX DEED—*reimbursing claimant under tax deed for taxes, etc., paid—in what proceeding—prospective operation of the statute.* The proviso to section 224 of the Revenue act, in force July 1, 1885, requiring any judgment or decree of court setting aside a tax deed, to provide that the claimant shall pay the holder of such deed all taxes, legal costs, etc., paid by such holder or his assignors, has no application to an action of ejectment against the holder of a tax title, but relates to equitable proceedings instituted for the purpose of setting aside tax deeds. It was not the purpose of the statute to change the action of ejectment into a chancery proceeding, or to confer any new or enlarged jurisdiction upon courts of law.

2. SAME—*impairing vested rights.* Nor was it the design, by that section of the statute, to change or affect the vested rights of others. The legislature has not the power to deprive a party of a vested right, or to say that a vested right, which is absolute and unconditional, shall only be exercised upon certain conditions imposed by itself. So where it has been adjudicated that a certain tax deed is invalid, and unavailing as a defence in an action of ejectment, no subsequent legislation can operate to impair the right of the plaintiff in the ejectment suit to the protection of that ruling.

3. FORMER ADJUDICATION—*whether a bar to a subsequent suit, generally.* A judgment upon the merits is an absolute bar to a subsequent action

upon the same claim or cause of action, not only as to every matter which was offered and considered to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

4. But when the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel *only* as to those matters in issue, or points controverted, upon the determination of which the finding or verdict was rendered. In such case, the inquiry is as to the question actually litigated and determined,—not what might have been thus litigated and determined.

5. SAME—*judgment in forcible entry and detainer, as a bar to an action of ejectment.* A judgment in an action of forcible entry and detainer can not be pleaded as a bar to an action of ejectment, for the reason that the questions involved in the two proceedings are different. The question of title can not be inquired into in forcible entry and detainer, and if it could, a judgment therein would be no bar, without proof that the question of title was raised and decided.

6. EJECTMENT—*affirmative title arising under twenty years' possession.* Where the plaintiff in ejectment shows an adverse possession for twenty years, so that the entry is barred, he is entitled to recover even against a defendant whose possession, for a less period, is lawful.

7. SAME—*rights acquired by possession for less than twenty years.* But, while prior possession of land for a less period than twenty years is *prima facie* evidence of title, and will authorize a recovery in ejectment as against a mere intruder or trespasser, it will not authorize a recovery against a defendant who is lawfully in possession.

8. SAME—*conditional judgment—whether allowable.* Where a plaintiff in ejectment recovers judgment in a case where a tax title is set up in defence, it is error to stay the execution of the judgment until the plaintiff shall pay the defendant the sums advanced by him for the tax title, etc. The court has no right to render a conditional judgment.

APPEAL from the Circuit Court of Gallatin county; the Hon. CARROLL C. BOGGS, Judge, presiding.

Messrs. BELL & GREEN, and Mr. CARL RŒDEL, for the appellant:

The act of 1885 is unconstitutional and void, because it compels a party to buy justice. *Wilson* v. *McKenna,* 52 Ill. 43; *Reed* v. *Tyler,* 58 id. 288.

But if we were to concede the constitutionality of the act of 1885, it can have no application to this case, unless it can

be construed to have a retroactive operation, which can not be done. There is nothing in the language of the act to warrant any such construction.

It is a doctrine applicable to all laws, that it will not be supposed the legislature intended a law should have a retrospective operation, unless where that intention has been manifested by the most clear and unequivocal expression. *In re Tuller,* 79 Ill. 99; *People* v. *Thatcher,* 95 id. 109; *Knight* v. *Begole,* 56 id. 122; *Hatcher* v. *Railroad Co.* 62 id. 477; *McHaney* v. *School Trustees,* 68 id. 140; *Parmelee* v. *Lawrence,* 48 id. 331; *Marsh* v. *Chestnut,* 14 id. 223; *Thompson* v. *Alexander,* 11 id. 54.

The act of 1885 is not applicable to an action of ejectment. The circuit court, as a court of chancery, has jurisdiction to set aside a tax deed as a cloud upon the title, where the party seeking the relief is in possession; but the relief is granted only on equitable terms, which require the party to pay to the holder of the tax deed the amount paid at the tax sale, and subsequent taxes paid, with legal interest thereon. *Reed* v. *Tyler,* 56 Ill. 288; *Barnett* v. *Cline,* 60 id. 205; *Reed* v. *Reber,* 62 id. 240; *Farwell* v. *Harding,* 96 id. 32; *Moore* v. *Wayman,* 107 id. 192; *Peacock* v. *Carnes,* 110 id. 99.

The cause of action in the forcible entry and detainer suit, even if it were shown that the deed of appellees was used in defence in that action, was not the same cause of action which is involved in this case, and hence the judgment in that case is no bar to this action of ejectment. In the action of forcible entry and detainer, the title to the property in controversy was not and could not be involved. *Shoudy* v. *School Directors,* 32 Ill. 290; *Johnson* v. *Baker,* 38 id. 98; *McCartney* v. *McMullen,* id. 237; *Smith* v. *Hoag,* 45 id. 250; *Thompson* v. *Sornberger,* 59 id. 326; *Huftalin* v. *Misner,* 70 id. 205; *McGuirk* v. *Burry,* 93 id. 118; *Kepley* v. *Luke,* 106 id. 395.

Mr. R. W. TOWNSHEND, and Mr. T. M. ECKLEY, for the appellees:

The act of 1885 does not require a party to buy justice—it merely restricts a party from doing injustice. Prior to the adoption of this amendment, it was the rule in equity requiring a complainant to do justice as a condition to equitable relief, and the object of the amendment was to extend these equitable principles to proceedings at law.

The statute under consideration does not purport to affect a judgment or decree of court rendered before its passage,— it operates only upon such judgment or decree of court as shall be rendered after its passage.

The fact the law was passed pending the litigation, does not invalidate it, as was decided by the case relied upon by appellant. *Parmelee* v. *Lawrence,* 44 Ill. 405; 48 id. 331.

If an attempt had been made to apply the act to judgments entered before its passage, another question would be presented, and the authority relied upon by appellant might have had some application. *Knight* v. *Begole,* 56 Ill. 123.

The amendment of 1885, to section 224 of the Revenue act, is applicable to the action of ejectment.

The judgment in the forcible entry and detainer suits was a bar to relitigating the validity of the tax title. The court had to determine the validity of the judgment and precept. *Johnson* v. *Baker,* 38 Ill. 98; *Johnson* v. *Bantock,* id. 113; *Kepley* v. *Luke,* 106 id. 396; *Kratz* v. *Buck,* 111 id. 40.

A prior adjudication between the same parties is conclusive, not only as to matters actually determined, but as to every other thing which might have been, by the exercise of reasonable diligence, submitted for adjudication in the same suit. To this rule there is no exception, no matter in what form of action it may have been adjudicated. *Garrick* v. *Chamberlain,* 97 Ill. 620; *Aurora City* v. *West,* 7 Wall. 82; *Hawley* v. *Simons,* 102 id. 115; *Hamilton* v. *Quimby,* 46 Ill. 90.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of ejectment, which is now before us for the second time. It is reported as *The Riverside Co.* v. *Howell,* 113 Ill. 256. Since the former decision, it has been re-docketed in the circuit court of Gallatin county, and the appellees here were, on their own motion, substituted, as defendants in the court below, in the place of William A. Howell, their tenant.

After our opinion was filed in the case, at Mount Vernon, on March 24, 1885, section 224 of the "Act concerning revenue," approved March 30, 1872, in force July 1, 1872, as amended by an act, approved May 30, 1879, in force July 1, 1879, was amended by an act of the legislature, which added the following *proviso* at the end of the section: *"Provided,* that any judgment or decree of court setting aside any tax deed procured under this act, shall provide that the claimant shall pay to the party holding such tax deed all taxes and legal costs, together with all penalties, as provided by law, as it shall appear the holder of such deed, or his assignors, shall have properly paid, or be entitled to, in procuring such deed, before such claimant shall have the benefits of such judgment or decree." (Laws of 1885, p. 234.) This proviso went into force July 7, 1885.

Upon a second trial of the suit, before the circuit court, without a jury, the court found the issues for appellant, and rendered a judgment in accordance with the terms of the proviso, here quoted. The judgment, after finding, that appellant owns the fee of a part of the premises, and an estate for the life of another in the balance thereof, and after further finding, that the tax deed, set up by appellees, is void, and should be set aside, and that appellees paid a certain amount of money to get their deed and for subsequent taxes, directs, that appellant recover the premises, and that, "upon the payment by the plaintiff to the defendants of the sum of

$2485.23, a writ of restitution is hereby ordered to issue hereon, the issuance of the same being stayed, until such sum be paid as aforesaid."

The errors, assigned by the appellant, question the validity of so much of the judgment of the court below, as formally sets aside the tax deed, and makes the payment of the taxes, etc., a condition precedent to the issuance of the writ of possession.

It is manifest, that the judgments or decrees, referred to in the foregoing proviso, are judgments or decrees, rendered in proceedings, which have for their object the setting aside of tax deeds, procured under the Revenue act. An ejectment suit is never brought for such a purpose. It is not the proper office of a judgment in ejectment to set aside a tax deed. By adopting the proviso in question, the legislature merely intended to provide, that, wherever, in any proceeding, properly instituted for that purpose, a tax deed should be set aside, the judgment or decree, directing it to be done, should require the claimant to pay, to the holder of the deed, whatever such holder had disbursed for taxes and costs, and whatever the law awarded him, as penalties. It was not the design of this amendment to change the action of ejectment into a chancery proceeding, nor to confer any new or enlarged jurisdiction upon courts of law. No other tribunals were to be vested with the power of setting aside tax deeds than those, which had been in the habit of granting such relief before the passage of the new law.

This proviso can have no application to the deed, which we have already passed upon in this case. It will not be presumed, that the legislature intended to enact such a retrospective statute, as would affect and change vested rights. Such enactments "are very generally considered, in this country, as founded on unconstitutional principles, and, consequently, inoperative and void." (1 Kent's Com. 455.)

By the decision of this court, announced in an opinion, filed before the above proviso was adopted, the tax deed in question was held to be invalid, and to constitute no legal bar to the recovery of appellant, in its action of ejectment. After that decision was rendered, appellant had the right to proceed with the further prosecution of its suit, under the protection of our ruling, that the tax deed of appellees should not stand in the way of its recovery. The judgment of the circuit court virtually nullifies that ruling, and holds, in effect, that the deed *shall* be a bar to the suit, and *shall* stand in the way of a recovery, unless appellant pays to appellees the sum of $2485.23. The deed was declared by that decision to be unconditionally illegal. The legislature has no power to say, that a vested right, which is absolute and unconditional, shall only be exercised upon certain conditions, imposed by itself, nor do we think, that they designed, by the passage of the enactment, now under consideration, to assume the exercise of any such power.

Cross-errors have been assigned by the appellees, which attack the right of appellant to a judgment for the property, even upon its payment of the amount, required of it by the circuit court. The cross-errors are based upon the refusal of the trial court to hold, as law, certain propositions, submitted to it by appellees, to the effect, that the validity of the tax deed has become *res judicata*, and can not be questioned by appellant. The suits, in which, it is alleged, that the matters, here involved, have been already adjudicated, are two actions of forcible entry and detainer, one brought before a justice of the peace, and the other in the circuit court. The action before the justice was brought in June 1881 by the appellees against one Charles Kampan, who is alleged to have been a tenant of appellant. June 16, 1881, judgment was rendered in favor of the appellees, and possession delivered to them on June 21, 1881.

The proceedings in the action before the justice, can not be set up, as a bar to the present suit, for the reason, that appellant was not a party to that action. Kampan was the defendant therein, and made no defence, suffering judgment to be recovered against himself. There is no evidence, that appellant ever had any notice of the suit against Kampan, and its rights here can not be barred by the judgment in that suit, no matter what questions may have been adjudicated thereby.

The second action of forcible entry and detainer was begun, on August 23, 1881, in the circuit court of Gallatin county, by appellant against William A. Howell and John E. Hall, who are shown, by the evidence, to have been tenants of appellees. The case was tried before a jury, who returned a verdict of "not guilty," and, in September 1881, judgment was rendered against appellant. This judgment is pleaded here, as a bar to the present action of ejectment. Appellees insist, that the validity of their tax deed was or might have been adjudicated upon and determined, in the action of forcible entry and detainer in the circuit court, and that appellant is estopped by the judgment of that court therein, from assailing the validity of the tax title in this case.

But a judgment in an action of forcible entry and detainer can not be pleaded, as a bar to an action of ejectment, for the reason, that the questions involved in the two proceedings, are different. The object of the action of ejectment is to try the title to property, while, in an action of forcible entry and detainer, "the immediate right of possession is all that is involved, and the title can not be inquired into for any purpose." *Kepley* v. *Luke,* 106 Ill. 395; *McGuirk* v. *Burry,* 93 id. 118; *Smith* v. *Hoag,* 45 id. 250; *McCartney* v. *McMullen,* 38 id. 237; *Shoudy* v. *School Directors,* 32 id. 290.

Counsel for appellees quote the sixth clause of the second section of the forcible entry and detainer act, (Starr & Curtis' Stat. chap. 57, page 1175,) which provides, that "the person

entitled to the possession of lands or tenements may be restored thereto * * * when lands or tenements have been * * * sold under the judgment * * * of any court in this State, * * * and the party to such judgment, * * * after the expiration of the time of redemption, where redemption is allowed by law, refuses or neglects to surrender possession thereof, after demand in writing by the person, entitled thereto, or his agent," and refer to certain decisions of this court which hold, that, in order to recover under the clause so quoted, the plaintiff must show a valid judgment, execution and sheriff's deed. (*Johnson* v. *Baker*, 38 Ill. 98; *Johnson* v. *Bantock*, id. 113; *Kratz* v. *Buck*, 111 id. 40.) We do not deem it necessary to decide, whether this clause was designed to include judgments for taxes against land, or not.

It is to be noted, that the action of forcible entry and detainer, which is relied upon as a bar, was not begun by appellees against appellant; and, hence, appellees did not, as plaintiffs, set up, in the complaint, their tax judgment, sale and deed, and allege the refusal of appellant to surrender possession. The action was brought by appellant against appellees. Appellees were already in possession of the property.

If it were allowable for a party, having the possession, to defend it, in an action of forcible entry and detainer, by showing the judgment and sale, contemplated by the sixth clause of the act, there is no evidence, that the tax judgment, relied on by appellees, was proven by them, in their defence against the action, brought by appellant. The complaint, as set out in the record, makes no other allegation than the general one, that Howell and Hall "unlawfully withhold the possession thereof from the said Riverside Company." The record contains no proof whatever, that the question of the validity of the tax judgment was brought before the court, which rendered the judgment in the forcible entry and detainer suit, or was, in any way, determined or adjudicated upon by that court. It is not sufficient to say, that the question might have been

submitted for adjudication in that suit. The cause of action, there, where the question involved was the right of possession, is different from the cause of action in this ejectment suit, where the question involved is the title to the property.

There is a well founded distinction, laid down in the books, between "the effect of a judgment, as a bar or estoppel, against the prosecution of a second action upon the same claim or cause of action, and its effect, as an estoppel, in another suit, between the same parties, upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action * * * concluding parties, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * * But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined." (*Cromwell* v. *County of Sac*, 94 U. S. 351.) In *Equitable Trust Co. et al.* v. *Fisher et al.* 106 Ill. 189, an action of forcible entry and detainer had been brought, under the sixth clause of the act, by the purchaser at a sale under a trust deed, against the grantor in possession, and judgment was rendered in favor of the purchaser. Such grantor, or maker of the trust deed, afterwards filed a bill to set aside the sale, and the judgment against him, in the forcible detainer suit, was pleaded and relied upon, as a bar to the relief, prayed for in the bill. We

held, that the judgment was not a bar, in that case, and there said: "As a general rule a judgment or decree can only be so pleaded, where the same question involved has been adjudicated and determined by a court of competent jurisdiction to try and determine the question. In that case, the question of the right of possession was alone involved, and not the title."

We are of the opinion, that the judgment rendered in favor of appellees, in the action of forcible entry and detainer, brought against them by appellant, can not be pleaded as a bar in the present suit.

It is further claimed by appellees, and assigned, as one of the cross-errors, that appellant, on the trial below, did not prove title in itself to the property in litigation. It is not denied, that appellant has established its ownership of an undivided two-thirds of the lots. It appears, however, that, under a decree, rendered November 1, 1855, in a foreclosure proceeding in the circuit court of Gallatin county, an undivided one-third part of lot 1144 was sold by Martin S. McAtee, a special commissioner, appointed by the court, on March 5, 1856, to William A. Docker. The sale was reported to the court, and confirmed. On December 21, 1857, the commissioner executed a deed to Docker, and reported to the court, that he had done so. Appellant claims under this deed, and it was objected to, as having no seal. It was then offered as color of title, and for the purpose of showing the extent and boundaries of the possession of the grantee therein.

The proof is clear, independent of the deed in question, that William A. Docker, during his life, and his heirs and their grantees, since his death, have been in the possession of lot 1144 from the date of the deed, December 21, 1857, to some time in 1881, a period of more than twenty years. Appellant, having shown possession under a claim to the fee, by itself, and those, under whom it holds, for more than twenty years, was entitled to recover.

It is, however, insisted by appellees, that a plaintiff in ejectment, whose title is based on possession only, can not recover against a defendant, who is lawfully in possession; and, that, as they were put into possession of the property by a writ of restitution, issued upon the judgment, obtained by them against Kampan, in the action of forcible entry and detainer, brought before the justice of the peace, their possession is lawful, and they are not intruders.

Counsel for appellees lose sight of an important distinction between *prior* possession and *adverse* possession. (Sedgwick & Wait on Trial of Title to Land, sec. 723.) A prior possession of land, for a less period than twenty years, is *prima facie* evidence of title, and will authorize a recovery in ejectment, as against a mere intruder or trespasser. (*Bowman* v. *Wettig*, 39 Ill. 416; *Herbert* v. *Herbert*, Breese, 354; *Dills* v. *Hubbard*, 21 Ill. 328.) But a prior possession, for less than the statutory period of limitation, has been held not to authorize a recovery against a defendant, who is lawfully in possession. (*Jackson* v. *Rightmyre*, 16 Johns. 314.) In *Drew* v. *Swift*, 46 N. Y. 204, the court say: "The defendant was not a trespasser, but went into possession, having title, and the plaintiff was not, therefore, entitled to recover, upon proof of any *prior* possession, other than an *adverse* possession for a period, which would bar an entry."

Where the plaintiff in ejectment shows an adverse possession for twenty years, so that the entry is barred, he is entitled to recover even against a defendant, whose possession, for a less period, is lawful. (*Jackson* v. *Dieffendorfer*, 3 Johns. 269; *Jackson* v. *Olitz*, 8 Wend. 440; *Fairman* v. *Beal*, 14 Ill. 244; *Hinchman* v. *Whetstone*, 23 id. 185; *Paullin* v. *Hale*, 40 id. 274.) Angell on Limitations, sec. 381, lays down the doctrine on this subject, in the following words: "Where neither party has title in an action of ejectment, it is clear, that the party showing the prior possession is entitled to recover, unless the last possession has been continued adversely for

the time, which the Statute of Limitations prescribes. It is also unquestionable, that, where land has been held under a claim to the fee, for the time prescribed by the statute, and an entry is made by a party, who has the written title, such party may be dispossessed, by an ejectment, brought by him, who has so held and claimed."

We hold, that the cross-errors of appellees are not well assigned. The judgment of the circuit court is reversed, in so far as it sets aside the tax deed, and finds the amount of taxes and penalties and costs, and in so far as it requires a payment of $2485.23, as a condition precedent to the issuance of a writ of possession. In all other respects it is affirmed.

*Judgment reversed in part and in part affirmed.*

SCHOLFIELD and CRAIG, JJ., dissenting.