Pederson v. Cline.

27 249
146s 393

ANDREW PEDERSON

v.

GEORGE T. CLINE.

*Forcible Entry and Detainer—Title.*

In an action of forcible entry and detainer inquiry can not be made into the title of the premises in question. Hence it is no defense that the defendant entered without any actual force or breach of the peace under claim of an adverse title.

[Opinion filed September 18, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. H. S. MECARTNEY, for appellant.

Messrs. NORTON, BURLEY & HOWELL, for appellee.

Possession of premises by such visible tokens as fencing or building is sufficient to maintain the action of forcible entry. Brooks v. Bruyn, 18 Ill. 539; Spurck v. Forsyth, 40 Ill. 438; Pearson v. Herr, 53 Ill. 144; Allen v. Tobias et al., 77 Ill. 169; Knight v. Knight, 3 Ill. App. 206.

Actual occupancy at the time of the entry by another is not necessary. Pearson v. Herr, 53 Ill. 144; Knight v. Knight, 3 Ill. App. 206; Doty v. Burdick, 83 Ill. 473.

The possession of keys to premises obtained from a tenant, without his landlord's consent, gives no right of possession. Doty v. Burdick, 83 Ill. 473.

Actual violence is not necessary to constitute a forcible entry. Croff v. Ballinger, 18 Ill. 200; Smith v. Hoag, 45 Ill. 250; Doty v. Burdick, 83 Ill. 473.

Deeds can not be introduced to show title or right of possession in an action of forcible entry and detainer. Brooks v. Bruyn, 18 Ill. 539; Smith v. Hoag, 45 Ill. 250; Pearson v. Herr, 53 Ill. 144; State v. Eisenmeyer, 94 Ill. 96.

McALLISTER, J. This was an action for forcible detainer of certain premises described in the complaint, brought by appellee against appellant in justice's court. On appeal to the Circuit Court the case was tried by the court without a jury. On the trial the evidence on behalf of the plaintiff tended to show that the premises situated in the village of Winnetka consisted of five acres of ground with a house thereon; that the plaintiff had been in possession of the premises for the period of nearly ten years next before the entry into the same made by the defendant, and that such entry was forcible; that it was effected by breaking into the house through one of its windows while such house was temporarily vacant, but securely locked up and fastened; and the evidence tended to show a

proper demand made upon defendant for the possession before bringing the suit.

The court admitted, subject to objection by plaintiff, evidence on behalf of defendant tending to prove a tax title in one Stanley to the premises, and that defendant was put in possession by Stanley's lessee.

The defendant's counsel asked the court to hold as law the following proposition: "If the proof shows that Stanley claimed title to the premises in question by or under an adverse source to that of plaintiff's claim to the same, and that he, Stanley, under said claim of title made a lease of the premises to Richardson, who, under the lease, put Pederson in possession, and the entry was accomplished without any actual force or breach of the peace, then plaintiff can not recover in this proceeding." The court refused to so hold.

We are of opinion that the uncontradictory testimony in the case tended to make out a case within the statute concerning forcible entry and detainer, as it has been construed in numerous cases by our Supreme Court.

The proposition of law above stated, could not be held as law and applied, unless it was competent for the court to inquire into the title to the land in question. That it was not competent is well settled. Kessly v. Luke, 106 Ill. 395, and cases there cited. We perceive nothing in the questions decided in the case of Fort Dearborn Lodge v. Klein, 115 Ill. 177, or in the reasoning found in the very learned and discriminating opinion of Chief Justice Mulkey, in that case, which can raise the slightest doubt as to the propriety of the judgment in this case. The judgment will be affirmed.

*Judgment affirmed.*