Richmond, P. J.,
delivered the opinion of the court.
By the complaint of the American National Bank of Denver, plaintiff below, it is averred in substance that on the 27th day of July, 1891, F. R. Rice and oth.ers caused to be served on the bank a writ of garnishment issued by P.L. Palmer, a justice of the peace, in a cause wherein said Rice and others were plaintiffs and one John Noonan was defendant ; that by said writ plaintiff was required to appear before the justice of the peace on the first day of July, 1891, to answer whether it was in any manner indebted to Noonan.
It is also alleged that a summons and writ of attachment, which was served simultaneously with the garnishee process, was issued on the same day, and required Noonan to appear and answer on the same date; that on the 6th of August, 1891, a writ of scire facias was issued by the same justice, reciting that on the 1st day of August, 1891, the said Rice and others recovered a judgment against Noonan for the sum of $166 ; that said judgment remained in full force and unsatisfied ; and that on the 27th day of. July the bank was summoned as garnishee to appear before the justice on the 1st day of July, 1891; that the bank having failed to appear and to answer according to the statute, a conditional judgment was entered against it for the amount of the judgment recovered against Noonan, and it was required to appear and. show cause why the conditional judgment should not be made final.
It appears from the record that final judgment was entered on or about the 24th day of August of the sanie jrear against the bank for $180.10, besides costs ; that no appearance either by the defendant, Noonan, or by the bank was at any time made in the justice’s court. Upon the filing of *83 the complaint an injunction was issued restraining the justice from further proceeding in the premises. Demurrer was •filed to the complaint, which was overruled and the temporary-injunction was made permanent. Plaintiffs in error elected to stand by the demurrer and prosecute this writ of error.
The sole question presénted for our consideration is, whether or not the judgment entered by the justice against the defendant as well as against the bank was valid.
It is apparent from the above recital that the process commanded the defendant in the'original proceedings as well as the bank to appear before the justice at an impossible time. Yet, nevertheless, it is contended by the plaintiffs in error that the judgment entered was valid, because both the defendant and the garnishee failed to appear and take some steps to prevent a judgment- being entered. In other words, that notwithstanding they were commanded to appear upon a day long since past, still they were obliged to attend at some date subsequent to service and move the court to quash the summons. With this contention we cannot agree, and we do not think the authorities support it.
It is provided by section 1936, General Laws, 1883, that the justice in his summons shall specify a certain place, day and hour for the trial, not less than five nor more than fifteen days from the date of such summons.
By section 1910, it is provided that if the defendant, being served with process, shall not appear at the hour appointed for his appearance in such process, or in one hour thereafter, then the justice shall proceed to hear and determine the cause.
Section 1558 provides that after a conditional judgment has been entered the justice may issue a scire facias commanding the garnishee to appear on the return day of the writ and show why the conditional judgment should not be made final and conclusive.
We are clearly of the opinion that the provision of the statute requiring the summons of the justice to specify the place, day and hour, in the process when the party should *84 appear before him is mandatory, and should have been strictly followed. That the failure of the parties to appear on the 1st of August, or at a time subsequent to the 27th of July,, confers no jurisdiction upon the justice to proceed to judgment. To say that- the defendant and garnishee well knew that the time specified in the summons was a clerical error is to impose upon him the burden of determining the place, the day and the hour when he should appear. It puts upon him a duty which by the statute is imposed upon the justice issuing the process. He must determine whether the process was issued in June and returnable in July, or whether issued in July and returnable in August. We think the condition of things places it more within the ability of the justice to observe the errors into which he had fallen, than with that of the parties upon whom process was served.
The rule as we find it laid down in the books is, where the statute provides that the place, day and hour shall be specified, it must be followed strictly; and that service for an insufficient period is as inoperative to confer jurisdiction of the person, as service in some other mode than that required by the statute, and that failure to conform to the provisions of the statute is in violation of it. It follows therefore that a judgment is utterly void when the jurisdiction of the person is based upon such a process. Johnson v. Baker, 38 Ill. 98.
A judgment rendered bjr a justice of the peace against the defendant in an action four days before the return day of the summons is void. Briggs v. Tye, 16 Kans. 285.
Where a justice of the peace calls an action, on the return day of the summons, at a different place from that named in the summons (the defendant not appearing and waiving the objection) he loses jurisdiction. Newcomb v. Town of Trempealeau, 24 Wis. 459.
The day and hour fixed in the summons for its return is the period when the justice takes jurisdiction of the action, and not the time when he issues the summons.
If a justice proceed without having acquired jurisdiction over the parties in the form and in the manner required by *85 law, any judgment which he may render will be absolutely void. Sagendorph v. Shult, 41 Barb. 102; Johnson et al. v. Baker, supra.
It is insisted that notwithstanding the judgment may have been void, nevertheless scire facias was issued and the bank was cited to appear to show cause why the conditional judgment should not be made final, and that this of itself is sufficient to preclude the bank. With this.contention we do not agree. If the conditional judgment was void, there was nothing upon which the scire facias could rest. No scire facias could issue save and except by authority of the statute, and the provision of the statute is that in case the garnishee being duly served with process as provided by the act shall fail to appear at the time and place in the process fixed for his appearance, default may be taken and conditional judgment rendered against such garnishee; thereupon scire facias may issue.
A careful reading of the statute leads us unmistakably to the conclusion that the conditional judgment is based upon the failure of the garnishee to appear at the time and place fixed by the process. If the process be insufficient in its failure to fix the time and place, then no conditional judgment can be rendered, and consequently the condition precedent to the issuance of scire facias does not exist, and the defendant was under no obligation to appear and defend.
This brings us to the last and only proposition remaining, and that is the right of the garnishee to the injunction granted by the court restraining the defendants from collecting the judgment by execution.
The case of Edler v. Hasche and wife, 67 Wis. 653, is one in point, wherein the question of the cancellation of a mortgage was involved. Cole, C. J., said: We are clearly of the opinion that the plaintiff is entitled to have the satisfaction of the mortgage in question canceled of record. It was wrongfully placed upon the record in the first instance * * *. It is claimed that the}' were delivered up in pursuance of an order of the justice in certain garnishee proceedings, but *86 those garnishee proceedings so far as the plaintiff was concerned were void and furnish no legal justification for his delivering over the satisfaction note and mortgage in violation of his instructions. A party claiming protection under such proceedings must show that they are regular and valid.
In the case of Hebel v. The Amazon Ins. Co., 38 Mich. 400, it was held that it is essential in order to hind the creditor whose claim is sought to be appropriated by means of garnishee proceedings, that there be service of process or its equivalent, and he will not be bound by an independent and spontaneous submission of his lights by his debtor. Service of process from justice’s court cannot, under the statute, be made beyond the county, and an acceptance of service which shows that it was made outside of the county thereby shows that it was made where the process had no legal force. All exceptional methods of obtaining jurisdiction, over persons, natural or artificial, not found within the state, must be confined to the cases and exercised in the way precisely indicated by the statute.
In Padden v. Moore, 58 Iowa, 703, this doctrine is laid down : A party cannot be required to appear as garnishee at any other time any more than a party to an action can be required to appear in obedience to an original notice at any other time than that fixed by law.
The authority to institute and prosecute garnishee proceedings is entirely statutory, and unless the requirements of the statutes are complied with the proceedings cannot be sustained: McDonald v. Vinette, 58 Wis. 619.
In the case last cited the court said: “ The statute gives no authority whatever to issue a summons returnable on any day other than the return day of the execution. The garnishee defendant cannot be required by the summons to appear and answer touching his liability, on any other day. A departure from the statutory requirement of a single day is as fatal to the proceeding as one of a month or three months. The principle is the same in either case. The municipal judge could only take jurisdiction of the garnishee defendant *87 upon a summons issued and made returnable as the statute requires and duly served.”
The object of the original process in this case was to advise the defendant and garnishee that an action or proceeding had been commenced against them, and warn them that they must appear within the time and at a place named, and make such defense as they or either of them had, and in default of so doing a judgment against them would be applied for. The summons did not do this. It advised both parties to appear at an impossible time. It' was as fatal to the process as though the day had been left blank. And we think it was as much the duty of the plaintiff or his attorneys to inspect the record and to insist upon an observance of the statute by the justice, as it was of the defendant and the garnishee to advise them of the defective summons that had been issued. The summons was defective. It did not comply with the statute, and the judgment thereupon rendered both against the defendant and the garnishee was void for want of jurisdiction of the persons. The scire facias was issued in violation of the statute, and the bank was under no obligation to pay attention to it. The action of the court in granting the injunction restraining the enforcement of the judgment was proper, and the judgment must therefore be affirmed.

Affirmed.