AARON THOMAS et al. Appellants, vs. JOSEPH OLENICK, Appellee.

*Opinion filed December 15, 1908.*

1. FORCIBLE DETAINER—*the title cannot be inquired into for any purpose.* In an action of forcible detainer the title to the premises cannot be inquired into for any purpose, and in such a proceeding by heirs of the deceased lessor the lessee cannot litigate the question of the validity of the lessor's alleged will under which some person other than the plaintiffs claims the property.

2. APPEALS AND ERRORS—*when a freehold is not involved.* No freehold is involved on appeal from a judgment in a forcible detainer proceeding by heirs of the deceased lessor against the lessee for breach of covenants in the lease, even though the lessor is claimed to have devised the property to other persons than plaintiffs, since the statute gives the heirs and personal representatives of the deceased lessor the right of action on the lease and the question of title is not involved in the proceeding.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. MANCHA BRUGGE-MEYER, Judge, presiding.

J. MARION MILLER, and JOHN M. HUMPHREY, for appellants.

ERNEST B. CRESAP, and FRANK H. GRAHAM, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Aaron Thomas and others, claiming to be the legal heirs of Jane Ottman, brought an action of forcible detainer against Joseph Olenick in the municipal court of Chicago to recover the possession of certain premises in the possession of Joseph Olenick under a lease executed to him by Jane Ottman in her lifetime. The ground upon which the action is based was a breach of the lease by failure to pay, after demand in writing, $60 rents upon the premises.

Judgment having gone against the defendant, an appeal was taken by him to the Appellate Court for the First District, where the judgment of the municipal court was reversed but the cause was not remanded. From this judgment of reversal plaintiffs below have appealed to this court.

Appellee has entered a motion in this court to dismiss the appeal for want of jurisdiction, and that motion has been taken with the case. There is here no certificate of importance and the amount involved is less than $1000.

Jane Ottman, the lessor, was at the time of her death the owner of the premises involved. She left a writing purporting to be her last will and testament, by which the premises involved were devised to one John T. Schofield. The validity of the will of the lessor is disputed by appellants, and litigation is pending between the heirs and devisee to determine the validity of the will. If the will shall be sustained it will relate back to the time of the death of the lessor, and Schofield, as devisee, will succeed to the premises involved, together with the rents, issues and profits thereof. On the other hand, if the will is found to be invalid, then the premises will descend to the heirs of the lessor and the devisees will have no interest in the premises.

Assuming that the court in this action will determine the conflicting claims of the heirs and devisees to the premises involved, appellants contend that there is a freehold involved, and that therefore this court has jurisdiction of this appeal. This is a misapprehension as to the law applicable to actions of forcible detainer. In actions of forcible detainer the title to the premises cannot be inquired into for any purpose. (*Johnson* v. *Baker,* 38 Ill. 98; *Huftalin* v. *Misner,* 70 id. 205; *McGuirk* v. *Burry,* 93 id. 118; *Kepley* v. *Luke,* 106 id. 395; *McDole* v. *Shepardson,* 156 id. 383; *Moore* v. *Richardson,* 197 id. 437.) Upon the death of the lessor, under the express provisions of section 14 of chapter 80 of Hurd's Revised Statutes of 1905, the right of action on the lease survives to "the heirs and personal rep-

resentatives of the lessor." Assuming that appellants are the legal heirs of the lessor and that they were entitled to regain possession of the demised premises for a breach of the conditions of the lease, the lessee could not be permitted in this action to litigate the question as to the validity of the will, under which some one else claimed the premises. This is apparently the theory upon which appellants brought this suit, from which it is very clear that no freehold could in any view be involved.

The motion to dismiss the appeal will be sustained.

*Appeal dismissed.*