HORACE H. STODDARD, Appellant, *vs.* THE ILLINOIS IMPROVEMENT AND BALLAST COMPANY *et al.* Appellees.

*Opinion filed December 22, 1915.*

1. APPEALS AND ERRORS—*freehold is not involved in forcible detainer proceeding.* In an action of forcible entry and detainer the title to the premises cannot be inquired into under any circumstance, and no freehold is involved in the proceeding.

2. SAME—*the Supreme Court will decline to take jurisdiction though the parties do not raise question.* If the Supreme Court is without jurisdiction to determine the questions involved it will decline to proceed even though the parties have not raised the question of jurisdiction.

APPEAL from the Circuit Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding.

EARL J. WALKER, for appellant.

KNAPP & CAMPBELL, (JOHN R. COCHRAN, of counsel,) for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action of forcible entry and detainer brought by appellant, the landlord, Horace H. Stoddard, against appellees, before a justice of the peace of Cook

county, to recover possession of a ten-acre tract of land. Judgment in appellant's favor was entered in that court, from which an appeal was taken to the circuit court of said county. That court entered a judgment in favor of appellees, and an appeal was prayed directly to this court on the ground that a freehold is involved.

In a long line of decisions this court has held that in an action of forcible entry and detainer the title of the premises cannot be inquired into under any circumstances. (*Thomas* v. *Olenick,* 237 Ill. 167, and cited cases.) This being so, a freehold cannot be involved in an action of this nature. This identical question was before the court in *Kepley* v. *Luke,* 106 Ill. 395, and we there held that as a freehold was not in question in an action of forcible entry and detainer the case could not be brought directly to this court for review. That ruling has been repeatedly cited with approval by this court or the doctrine affirmed which is therein laid down. (*Yokem* v. *Lovell,* 107 Ill. 209; *Mc-Dole* v. *Shepardson,* 156 id. 383; *Spence* v. *Anderson,* 108 id. 457; *Hammond* v. *Doty,* 184 id. 246; *Moore* v. *Richardson,* 197 id. 437; *Thomas* v. *Olenick, supra.*) These decisions are decisive. Neither party has raised this question, but we have held that it is our duty to decline to proceed where jurisdiction is lacking to determine the questions involved. *Brockway* v. *Kizer,* 215 Ill. 188; *Burroughs* v. *Kotz,* 226 id. 40.

This court being without jurisdiction the cause will be transferred to the Appellate Court for the First District. The clerk of this court is directed to send the record, abstracts and briefs in this cause to that court.

*Cause transferred.*