(No. 25462.—

THE BIEBEL ROOFING COMPANY, INC., Appellant, *vs.* SAMUEL PRITCHETT *et al.* Appellees.

*Opinion filed February 21, 1940.*

D. F. MOORE, and EOVALDI & EOVALDI, for appellant.

J. E. CARR, for appellees.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

Samuel Pritchett and Martha Pritchett, his wife, owned and occupied as a homestead a house in West Frankfort, Franklin county. Pritchett entered into a contract with the Biebel Roofing Company to put a new roof on the house and executed a judgment note for $150, payable in installments to the order of the company. Upon Pritchett's failure to make full payment for the work and material, the company obtained a judgment by confession against him on the note for $131 in the circuit court of Franklin county. An execution was issued upon the judgment, Pritchett filed a schedule claiming a homestead, and the execution was returned unsatisfied. Upon the issuance of a second execution another schedule was filed containing the same claim as the first. Thereafter, the sheriff sold the property in question to the Biebel Roofing Company for the amount of the judgment and costs, and subsequently issued his deed to the judgment creditor. The company then demanded possession, and instituted an action of forcible detainer before a justice of the peace. Judgment was entered in favor of the plaintiff, the Biebel Roofing Company, but upon an appeal to the circuit court judgment was rendered in favor of the defendants, Samuel and Martha Pritchett. From this judgment the plaintiff has prosecuted an appeal directly to this court stating: "The title to a freehold was so put in issue that a decision of the case necessarily involves a decision of such question."

The action of forcible entry and detainer is purely statutory and the requirements of the statute must be strictly followed. An action to obtain possession of property charged to be unlawfully withheld is brought under the Forcible Entry and Detainer act, but it does not involve a freehold. The immediate right to possession is all that is involved or can be determined, the question of title being

immaterial. (*Kepley* v. *Luke,* 106 Ill. 395.) The Appellate Court, it follows, is the proper forum for the review of an appeal in a forcible entry and detainer or a forcible detainer action. *Stoddard* v. *Illinois Improvement Co.* 271 Ill. 98; *Thomas* v. *Olenick,* 237 id. 167; *Moore* v. *Richardson,* 197 id. 437; *McDole* v. *Shepardson,* 156 id. 383; *Spence* v. *Anderson,* 108 id. 457.

The cause is transferred to the Appellate Court for the Fourth District.

*Cause transferred.*