(No. 31981.—

Robert B. Saxmann *et al.,* Appellees, *vs.* Edyth Thomas Allen *et al.,* Appellants.—(William T. Pridmore, Separate Appellant.)

*Opinion filed September 21, 1951.*

VICTOR C. WINNEN, of Chicago, for appellants; WILLIAM T. PRIDMORE, of Chicago, *pro se,* (MARION G. McCLELLAND, of counsel,) for separate appellant.

PHILIP A. WINSTON, of Chicago, for appellees.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the court:

This is a direct appeal by Edyth T. Allen and James V. Allen from an order of the circuit court of Cook County granting a motion of Robert B. Saxmann and Harriet E. Saxmann, the appellees, for summary judgment against the appellants in an action of forcible detainer. Appellants occupied the disputed premises under a written contract of sale, and appellees based their right to possession on alleged defaults by appellants in the payments due under the contract. Appellants denied the default and filed a counterclaim for specific performance alleging sufficient compliance with the terms of the contract to entitle them to a deed. Though issues were joined under the counterclaim, they have not been adjudicated or disposed of in any manner and this appeal is taken solely from the summary judgment entered in the forcible detainer action. In appealing to this court, appellants contend, first, that a freehold is involved, and, second, that a constitutional question is raised which requires a decision by this court.

It has long been established by the decisions of this court that an action to obtain possession of property, brought under the Forcible Entry and Detainer Act, does not involve a freehold. The immediate right to possession is all that is involved or can be determined. (*Biebel Roofing Co.* v. *Pritchett,* 373 Ill. 214; *Stoddard* v. *Illinois Improvement and Ballast Co.* 271 Ill. 98; *Thomas* v. *Olenick,* 237 Ill. 167; *Kepley* v. *Luke,* 106 Ill. 395.) It is also the rule that title cannot be inquired into in proceedings of forcible detainer. (*Roby* v. *Calumet and Chicago Canal*

*and Dock Co.* 211 Ill. 173; *Riverside Co.* v. *Townshend,* 120 Ill. 9.) It follows that the Appellate Court is the proper forum for the review of an appeal in a forcible detainer action. Appellants argue that a freehold is involved by virtue of their counterclaim for specific performance. The issues raised by the counterclaim have never been adjudicated or disposed of, and the appeal is taken, and error is assigned, only as to the judgment entered in the forcible detainer action for possession. To give this court jurisdiction on direct appeal from the trial court, a freehold must be involved not only in the original proceeding, but also in the issues presently to be settled on review in this court. (*Hachadourian* v. *Bogosian,* 393 Ill. 135; *Frey* v. *Schaab,* 379 Ill. 315; *Fyffe* v. *Fyffe,* 364 Ill. 281.) In the case of *Bozarth* v. *Bozarth,* 399 Ill. 259, upon which appellants rely, there was an adjudication of the counterclaim involving a freehold as well as a judgment in the forcible detainer action, and the errors assigned in this court put the issue of a freehold before us. The same is not true in the instant case. Here, there was no adjudication of title in the trial court but only a determination of the right to possession. This does not involve a freehold.

The constitutional ground advanced as giving us jurisdiction of a direct appeal is that the trial court denied appellants their constitutional right of a jury trial by entering a summary judgment when the affidavits of the parties had raised controverted issues of fact. The oft-repeated rule is that before this court takes jurisdiction of an appeal on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question was urged in the trial court, the ruling must be preserved in the record for review, and error must be assigned upon it here. (*Maupin* v. *Maupin,* 403 Ill. 316; *Economy Dairy Co.* v. *Kerner,* 371 Ill. 261.) The record here meets the latter two requirements but falls short of raising a fairly debatable constitutional question. It is well

established by previous decisions of this court that where affidavits in support of, and in opposition to, a motion for a summary judgment, indicate on their face that disputed questions of fact exist, the entry of a summary judgment is improper, for to try an issue of fact in such a manner, or to so determine the truth or falsity of facts disclosing a legal defense, would deprive defendants of a jury trial. (*Barkhausen* v. *Naugher*, 395 Ill. 562; *Diversey Liquidating Corp.* v. *Nuenkirchen*, 370 Ill. 523; *Shirley* v. *Ellis Drier Co.* 379 Ill. 105.) In the light of these cases, the question of due process posed by appellants in this appeal is no longer debatable. It is axiomatic that this court will not entertain an appeal to consider a constitutional question previously decided. (*Mesirow* v. *Mesirow*, 346 Ill. 219; *People* v. *Hord*, 329 Ill. 117.) The only dispute here is whether the affidavits raise an issue of fact which should have been tried by a jury, and that is not a constitutional question. The facts alleged in the affidavits do not raise any question of constitutional law and, no fairly debatable constitutional issue being presented for determination, this court is without jurisdiction on direct appeal.

One other question must be discussed in this opinion. The record shows that one Pridmore, who had been appellees' agent or attorney, and who had served appellants with a purported attorney's lien, sought to intervene as a necessary party. He has appealed separately from the order denying his motion in that respect. There is nothing in his position or argument which would cause us to assume jurisdiction of the appeal.

The cause is transferred to the Appellate Court for the First District. *Cause transferred.*