# ISRAEL SHOUDY .

## v.

# SCHOOL DIRECTORS, &c.

1. PARTIES' NAMES — *amendment* — *surplusage*. Where a suit is instituted in the individual names of school directors, in reference to a matter in which they are only interested in their corporate capacity, it is proper to amend the title of the cause by striking out the individual names of the directors and substituting their corporate name.

2. The individual names, in such case, are regarded as surplusage.

3. WITNESSES — *question of competency, when it arises*. Objections to the competency of a witness must be based upon improper testimony, admitted to the prejudice of the party complaining. So the question of competency does not arise unless the testimony of the witness appears in the record.

4. FORCIBLE ENTRY AND DETAINER — *title not involved*. In this form of action, the title to the premises cannot be drawn in question. The person who has title and right of entry, where another party is in peaceable possession, must resort to his action of ejectment, where he can show his title; and if he ousts the other with his own hand, the law will compel him to restore the possession.

WRIT OF ERROR to the Circuit Court of Lee County; the Hon. JOHN V. EUSTACE, Judge, presiding.

This was an action of forcible entry and detainer, commenced before a justice of the peace in Lee county, upon the following complaint:

STATE OF ILLINOIS, } *ss.*
   Lee County. }

The complaint of Christopher Vandeventer, Robert Smith and George Hollenbeck, directors of school district No. 1, in town 38, range 2 east, in said county, upon the oath of George Hollenbeck, one of the said directors. Owen Cornell, one of the justices of the peace of said county, is informed and given to understand that Israel Shoudy, on the 17th day of January, A. D. 1859, at said District No. one (1) in said county, did unlawfully make a forcible entry into the tenements and possession of the above named school directors, to wit: The school house in said school district No. one (1), situated on

the north-west quarter of section thirty-six (36), town 28, range 2 east, said tenements being known as the Allen's Grove School House, and then and there, with strong hand and multitudes of people, unlawfully eject and expel the said directors from the said tenements and possession wherein the said directors had at the time aforesaid an estate and were in possession of said tenements, and the said directors and their successors in office had been in the quiet and peaceable possession of said tenements 'for seven or eight years, last past, and that the said Israel Shoudy, still doth hold and detain the said tenements and possessions from the said Christopher Vandeventer, Robert Smith and George Hollenbeck, directors aforesaid, unlawfully, forcibly and with strong hands, against the form of the statute in such case made and provided.

*Therefore,* They pray that the said Israel Shoudy may be summoned to answer the said complaint.

GEORGE HOLLENBECK.

Subscribed and sworn before me the 2d day of February, A. D. 1859.

OWEN CORNELL, *Justice of the Peace.*

The trial before the justice resulted in a verdict and judgment against the defendant, who appealed therefrom to the Circuit Court, where he entered his motion to dismiss the cause for the following reasons: *First.* Because the action should have been commenced in the name of the township trustees; *Second.* Because the plaintiffs were not by law authorized to bring the suit; and *Third.* The plaintiffs were not directors, as set forth in the complaint. This motion the court denied, and the defendant excepted.

Subsequently, on motion of the plaintiffs, the court below directed the clerk to amend the title of the cause upon the docket, by substituting the corporate name of the plaintiffs, which was done, and an exception taken by the defendant.

At a subsequent term, the defendant again interposed a motion to dismiss the cause, for the reason that the plaintiffs had not instituted the suit in their corporate name. This motion was also overruled, and exception taken. Finally a

jury was empanneled, and the cause came on for trial, during the progress of which, the plaintiffs offered to introduce as witnesses on their behalf, two of the persons originally named as plaintiffs, to wit: Christopher Vandeventer and Robert Smith. The defendant objected, on the ground that, as the proposed witnesses were parties plaintiff in the action, they were personally liable for the costs; but the objection was overruled, and the witnesses were accordingly sworn and gave their testimony before the jury.

It does not appear from the record what that testimony was.

The defendant asked the court to give to the jury, among others, the following instruction:

"That if the defendant was, at the time of the entry complained of, the owner of the land on which the house in controversy was situate, and was then entitled to the immediate legal possession of the same, that he would have, and did have, the same legal right to the possession of the building."

The court refused the instruction, and the defendant excepted. The jury returned a verdict against the defendant, finding him guilty of the forcible entry and detainer complained of. A motion for a new trial was overruled, and a judgment entered upon the verdict. The defendant thereupon sued out this writ of error, and the questions presented are: *First*, whether the Circuit Court decided correctly, in allowing the title of the cause to be so amended as to substitute the corporate name of the plaintiffs for their individual names; *second*, whether the question as to the competency of the witnesses, Vandeventer and Smith, properly arises upon the record, inasmuch as it does not appear what their testimony was; *third*, whether the rule was correctly laid down in the instruction asked by the defendant and refused by the court.

Messrs. J. Wood and Gray, Avery & Bushnell, for the plaintiff in error.

Mr. James K. Edsall, for the defendants in error.

1.   The individual names of the directors were surplusage, and the court below properly directed that the cause should be docketed in the corporate name of the plaintiff, without regard to the individual names of the directors.   *Patrick* v. *Rucker*, 19 Ill. 440; *Frazier* v. *Laughlin et al.*, 1 Gilm. 347.

2.   The question of the competency of the witnesses does not arise, because their testimony does not appear in the record. Unless it is shown the party objecting was prejudiced by their testimony, he cannot complain.   *Parsons* v. *Dunaway*, 4 Scam. 194; *Miller* v. *Houck*, 1 Scam. 501; *Russell* v. *Martin*, 2 Scam. 494; *Hays* v. *Smith*, 3 Scam. 428.

3.   But the individual directors were competent to testify in behalf of the corporation of which they were members. 1 Phil. Ev., Cow. & Hill's Notes, pp. 42, 43, n. 21; Wilcock on Mun. Cor., p. 146, § 350; *Canning* v. *Pinkham*, 1 N. H. 353; *Smith* v. *Barber*, 1 Root, 207, 208; *Watertown* v. *Cowen*, 4 Paige, 510, 513; *Con. Society* v. *Perry*, 6 N. H. 164.

The rule is laid down by the Supreme Court of Ohio in the case of *M. E. Church* v. *Wood*, 5 Ham., as follows: " In cases where corporations of a *public nature*, comprehending the divisions of the state, or institutions for charitable or pious purposes, such as counties, towns, *school districts*, religious or charitable societies, are parties to the record, or interested, the members of the corporation, having no individual interest, are competent witnesses."

And to the same effect are the cases of *Cox* v. *Way*, 3 Blackf. 143, 145; *Mayor, &c.* v. *Wright*, 2 Porter, 235.

Mr. Chief Justice Caton delivered the opinion of the Court:

The first objection is, that the proper names of the school directors constituting the corporation, were originally inserted in the record, and afterwards stricken out by the order of the court.   We have so often decided that it was proper to strike out the individual names of the corporators as surplusage, in cases like this, that it would now be improper to add more than that the court decided properly.

It is next objected, that these school directors, who were the corporators, were improperly permitted to testify as witnesses on the trial. Even if these directors were not competent witnesses, which is a question not before us, this record does not show that they testified to any material fact, or even that they were sworn and testified at all, upon the trial. It does appear that they were offered as witnesses by the plaintiff, and that they were objected to by the defendant, which objection was overruled by the court, and there the record stops. For aught that appears, the plaintiff withdrew them and never had them sworn and never examined them, nor does it appear that they testified to anything material against the defendant, of which he can complain. Objections of this kind must be based upon improper testimony, admitted to the prejudice of the party complaining, for, until this is shown, we cannot see that he has been injured. *Miller* v. *Houck*, 1 Scam. 501; *Parsons* v. *Dunaway*, 4 Scam. 194.

We now come to the instruction which the court refused to give. It is this: "That if the defendant was, at the time of the entry complained of, the owner of the land on which the school house in controversy was situate, and was then entitled to the immediate legal possession of the same, that he would have, and did have, the same legal right to the possession of the building."

It was to prevent parties from taking the law into their own hands, and righting themselves in just such cases as is here supposed, that our statute of forcible entry and detainer was passed. The person who has title and right of entry, where another party is in peaceable possession, must resort to his action of ejectment, where he can show his title; and if he ousts the other with his own hand, the law compels him to restore the possession. Indeed, in this form of action, we have often decided the title to the premises cannot be drawn in question. The instruction was properly refused.

The judgment is affirmed.

*Judgment affirmed.*