# THOMAS BALL

*v.*

# CHARLES M. CHADWICK *et al.*

1. TENANTS—*for a term of years—are assigns.* Under the act of 1865, entitled, "An act to amend Chap. 43 of the Rev. Stat. entitled 'Forcible Entry and Detainer,'" tenants for a term of years, are assigns.

2. STATUTES—*construction of.* In construing statutes, courts will look to the intention of the law maker, and in ascertaining that intention, they will consider the mischief existing under the old law, as well as the provisions adopted to remedy the evil.

3. FORCIBLE DETAINER—*action of—who may bring.* A executed a lease for certain premises to B, to take effect after a former tenancy for the same had expired: *Held,* that B was entitled to the possession of the premises upon the expiration of the former lease, and might maintain forcible detainer against the tenant holding over.

4. SAME—*when action brought by second lessee—defendant can only make such defense as would be permitted against landlord.* A tenant is estopped to deny his landlord's title. And when a deed or lease made by the landlord is produced for the land occupied by the tenant, he is equally estopped to deny the power of his landlord to convey or demise the same. He can only make such defense in a suit brought by the grantee or lessee to recover possession, as he could interpose, had the suit been brought by the landlord.

5. SAME—*the right of action—rests with the party entitled to possession—and demand must be made by him.* The right of action vests alone in the party entitled to the possession, and if the landlord has aliened the reversion during the continuance of the lease, then his alienee is entitled to the possession, at its termination, and should make the demand for, and bring the action to recover, the possession.

6. SUPERSEDEAS. Where a plaintiff obtained a judgment in an action of forcible detainer, and the defendant obtained a supersedeas to prevent the suing out of a writ of possession: *Held,* that the supersedeas did not operate to prevent the plaintiff from leasing the premises to another, pending the suit.

APPEAL from the Circuit Court of Cook County; the Hon. E. S. WILLIAMS, Judge presiding.

The facts in this case are fully stated in the opinion.

Messrs. MONROE & McKINNON, for the appellant.

Mr. E. W. EVANS, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of forcible detainer, commenced by Charles M. Chadwick and William Van Fleet, before a justice of the peace, against Thomas Ball. The case was tried and resulted in a judgment in favor of plaintiffs, and the case was then removed to the Circuit Court of Cook county, where it was again tried, with a similar result; and the case is brought to this court by defendant, on appeal, and a reversal is asked, upon the several errors assigned upon the record.

It appears that P. F. W. Peck was the owner in fee, of a lot of ground on Dearborn street, in Chicago, upon which there was a wooden structure; that Ball, on the first day of May, 1864, having previously held under Peck, again leased this property from him, for the term of one year from that date, at a rental of $550 per annum, payable monthly; that on the 6th day of April, 1865, and before Ball's lease had expired, Long, the agent of Peck, rented the premises to Chadwick, and made a lease to him. On the first day of May, 1865, Long, as the agent of Peck, served a notice on Ball to quit the premises. Afterwards, on the 8th day of June, 1865, Peck commenced an action of forcible detainer against Ball. The case was tried, appealed to the Circuit Court, again tried, and decided against Ball, who removed it to the Supreme Court on a writ of error, and obtained a supersedeas to stay execution in the case.

Afterwards, on the 25th of April, 1865, and while the writ of error was still pending, Peck executed to plaintiffs below, a lease for the term of twenty years, on this and adjoining property, to commence on the first of May, 1866. This lease, among many others, contained this clause: "Subject to the

possession and claims of tenants now in or upon said premises or any part thereof, and the claims or possession or holding over of either or any of said tenants." On the first of May, 1866, both Peck and his lessees, Chadwick and VanFleet, gave Ball notice to quit, which having disregarded, appellee, on the 10th day of July following, filed a complaint before a justice of the peace, and sued out a writ of forcible detainer against appellant.

The principal question presented by this record is, whether the landlord, having parted with his right to the possession of the demised premises, by executing a lease to another tenant, which takes effect after the former tenancy has expired, the second lessee may maintain forcible detainer to obtain the possession. Under the act of 1845, it was held, that forcible detainer could only be maintained where the relation of landlord and tenant existed. *Bell* v. *Price* 11 Ill. 97; *Steiner* v. *Priddy* 28 ib. 179. It is sufficient under this act, if the complaint in a forcible detainer, shows, that the relation of landlord and tenant exists. *Smith* v. *Killeck*, 5 Gilm. 295.

It however appears, that the law was subsequently amended by the act of 1865, (p. 108.) The fourth section of that law declares, "That the first section of the act to which this act is amendatory, shall be construed as embracing all cases where any person shall make any forcible or other entry into any vacant and unoccupied lot or premises without color of right or title thereto; or shall hold over against the lessor, his heirs or assigns, after the term of the tenancy has expired." The question is therefore presented, whether lessees for a term of years are assigns, within the meaning of this act. It might be conceded they were not, in the most technical meaning of the term. In construing statutes we must look to the intention of the law maker, and one of the means of ascertaining the intention is to look to the mischief that existed under the old law, as well as to the provisions adopted to remedy the evil.

The courts having, according to a familiar rule of construction, held that as this statutory action was in derogation of the common law, the act creating it should receive a strict construction, and therefore cases which might be within the reason, but not named in the act, were not embraced in its provisions. It being found that this limited construction delayed the attainment of justice, and worked great hardship in many cases, the legislature by various enactments, have greatly enlarged the scope and operation of the action of forcible detainer, the court having held that, where a purchaser let into possession, and failing to comply with the contract, the owner could not maintain this action, and so of a purchaser at a master's or sheriff's sale. To remedy this evil the amendatory act of February 1861, (Sess. Laws 176) was adopted. It would seem that the legislature were satisfied that other cases existed which were not, but should be, embraced within the remedy afforded by this action. Hence its enactment and the extension of the remedy to heirs and assignees of the landlord.

From these enactments, it would seem that the legislature designed to give the action a large operation, embracing cases growing out of leases and tenancies, as well as to persons inheriting or purchasing of the landlord, or purchasing at judicial sales, and thus acquiring the title. Bouvier defines assignees to be, "Those to whom rights have been transmitted, by particular title, such as sale, gift, legacy, transfer or cession." Of the word assignment he says, "In common parlance this word signifies the transfer of all kinds of property, real, personal and mixed, and whether the same be in possession, or in action; as a general assignment. In a more technical sense, it is usually applied to the transfer of a term of years; but it is more particularly used to signify a transfer of some particular estate or interest in land." There is no doubt, that the popular meaning of the word as here defined, would embrace a lease for a term of years. Nor can we see why it does not fall within

the last clause of the definition. A term for twenty years being unquestionably an estate or interest in lands.

Lord COKE says, "Estate signifies such inheritance, freehold, term of years, tenancy by statute merchant, staple, elegit, or the like, as any man hath in lands or tenements,"etc. Co. Lit. § 650, 345, a. This term would therefore seem to come clearly within the definition, and hence to be embraced in the statute. Or, more accurately, that tenants for a term of years are assigns. The general assembly having employed so comprehensive a term, it would seem to require construction to exclude such a tenant, rather than to include him within its provisions.

But independent of the precise definition to be given to this or other particular words of the act, we must conclude that it was the legislative intention, to embrace this class of cases. When we consider the course of our legislation on the subject, and the fact that the action lies in other cases than those in which the relation of landlord and tenant exists, and the fact that repeated amendments have been made to enlarge the scope of the action, and when this class of cases fall as fully within the mischief sought to be remedied, we cannot hesitate to say that the action was intended to be given by the act of 1865; and the justice had jurisdiction to try the cause.

Nor does this case involve the necessity of trying title to the land. The tenant holding over is estopped to deny his landlord's title. And where a deed or lease made by him is produced, for the land he occupies, he is equally estopped to deny the power of his landlord to convey or demise the premises. He may, however, set up the same defense against the grantee or lessee which he could have interposed, had the suit been brought by the landlord. If his term had not expired he might show that, or any other defense which would defeat a recovery by the landlord, had he not parted with his right of possession.

In the case of *Dudley* v. *Lee*, 39 Ill. 339, it was said, that there is no right of action against a tenant holding over, until "a demand

made in writing by the person entitled to the possession," and as against the tenant that person must be either the landlord or his legal representative by assignment or otherwise, and it may be either of them ; and the right of action rests alone in the person "entitled to the possession." If the landlord has aliened the reversion during the continuance of the lease, then his alienee is "entitled to the possession," at its termination, and should make the demand and bring the suit. In the case under consideration there seems to be no question that appellees were entitled to the possession at the time the demand was made, and the suit was brought. If so, although not alienees, they come as fully within the reason of the case of *Dudley* v. *Lee*, as if they were, being as fully entitled to the possession of the premises.

An effort was made to establish a defense by showing a parol lease from Peck to appellant, for the year ending the first of May, 1866. The same defense was set up and relied upon in the case of *Ball* v. *Peck*, 43 Ill. 482. It was held in that case that the conversation proved between Peck and Mrs. Ball did not amount to a lease. But even if it had, being verbal, it could not have been binding longer than one year under our statute of frauds, and must have ended on the first day of May, 1866. Then how can such a lease be relied upon after it is ended, and there is no pretense that it was renewed, or that any other was entered into between the tenant and his landlord. How he could avail of it as a defense is beyond our comprehension.

It is lastly urged, but faintly, it is true, that because appellant had obtained a supersedeas to prevent Peck from suing out a writ of possession on his judgment, he was thereby disabled from making the lease to appellant. That a supersedeas never had such an operation will be manifest on the mere statement of the proposition. In this entire case we are unable to discover any error, nor can appellant, who seems to be holding property to which he has no pretense of right or title, claim

that the least injustice has been done to him, by the judgment of the court below.   On the contrary it seems to be eminently just.   The judgment of the court below must be affirmed.

*Judgment affirmed.*