## FRANK M. PALMER
*v.*
## NATHAN FRANK.

*Opinion filed November 1, 1897—Rehearing denied December 7, 1897.*

1. FORCIBLE DETAINER—*controverted questions of title cannot be tried in forcible detainer proceedings.* In forcible entry and detainer proceedings to recover possession of vacant or unoccupied lands or tenements upon which an entry has been made without right or title, the question whether the plaintiff or the defendant has the better title cannot be tried.

2. SAME—*when an unlawful entry cannot be justified by showing after acquired title.* One who has entered upon vacant or unoccupied lands without right or title cannot show in defense to forcible entry and detainer proceedings that he acquired a tax deed to the property after taking possession.

*Palmer* v. *Frank,* 69 Ill. App. 472, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

MOORE, WARNER & LEMON, for appellant.

P. T. SWEENEY, and E. J. SWEENEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court affirmed a judgment in this case in favor of appellee, who was plaintiff, against appellant, who was defendant, under the third clause of section 2 of the act in regard to forcible entry and detainer, which provides that the person entitled to the possession of lands may be restored thereto when entry is made into such lands, when vacant or unoccupied, by one without right or title.

At a trial before the court without a jury it was proved that Z. H. Madden had formerly been in possession, for several years, of a tract of land, including the lot in dis-

pute, under a deed to him from William H. Cundiff and wife.  Whatever rights Madden had in the premises in controversy passed by regular conveyances to the plaintiff, and afterward, the lot being vacant and unoccupied, the defendant, on April 1, 1889, took possession of it. He had purchased the premises July 6, 1886, at a tax sale, but had not received a deed, and when he took possession had no right or title whatever to the lot.  After taking possession he obtained a tax deed, June 29, 1889.  The trial court refused to hold, on these facts, a proposition of law submitted by defendant, declaring, in substance, that if defendant took possession of the lot when vacant and unoccupied, and relied upon a tax deed and ownership of the lot by virtue of the same, the action of forcible entry and detainer could not be maintained.  This is the principal question argued.

It has been settled by numerous decisions that controverted questions of title cannot be tried or determined in this form of action.  (*Shoudy* v. *School Directors*, 32 Ill. 290; *Doty* v. *Burdick*, 83 id. 473; *Thomasson* v. *Wilson*, 146 id. 384.) There are cases where a plaintiff may show a tenancy and its determination, or a contract of purchase and a failure by the vendee to comply with his agreement, or a conveyance or sale under a decree or power of sale.  (*Kepley* v. *Luke*, 106 Ill. 395; *Kratz* v. *Buck*, 111 id. 40.)  But this is not done for the purpose of determining title.  The purpose is to show that the right of possession obtained by the tenant has ceased; that the vendee has not complied with his contract under which he obtained possession; that the grantor in possession has conveyed his right of possession to the plaintiff, or that such right of possession of a party to a judgment or decree has passed to the plaintiff. In such cases, as in all others, an inquiry into the question which is a better title is foreign to the controversy. So the question whether a plaintiff is entitled to possession when an entry has been made into vacant or unoccupied lands or tenements without right or title, in a suit

to restore such possession under this statute, is not to be settled by an investigation of a controverted question of title to the property. While the ownership of land carries with it the right of possession, and such ownership and the right springing from it may be determined in ejectment and the possession based on that right be recovered, the question of ownership, from which such right of possession springs, cannot be decided in this action. If a plaintiff could prove or be bound to prove himself the true owner as a basis for recovery in this action, the defendant, of course, might disprove the plaintiff's title and establish a better title in himself. A plaintiff's right to recover under the statute must rest upon another ground, and in this case it rests on the possession of Z. H. Madden under his deed and plaintiff's succession to that possessory right. Madden was in actual and peaceable possession under a deed. He would be presumed to be rightfully in possession, and the burden of proof was on defendant to dispute that possessory right if he saw fit. (*McLean* v. *Farden,* 61 Ill. 106; *Gosselin* v. *Smith,* 154 id. 74; *Fitzgerald* v. *Quinn,* 165 id. 354.) Madden's right of possession, which was not disputed, passed by conveyance to plaintiff, who, as the proof showed, was entitled to possession as against a mere intruder, like defendant, without right or title.

The only claim that defendant had any right or title to the lot when he made entry into it, is the contention that the tax deed subsequently obtained related back and took effect from July 6, 1888, when the time for redemption from the tax sale expired. The rule that a deed will relate back, in some cases, to the time when the grantee became entitled to receive it cannot aid defendant in this case, because he was not entitled to receive the deed until he made an affidavit, which he made June 28, 1889,—the day before the deed was executed and long after he look possession. Section 217 of the Revenue act provides that a purchaser shall make the affidavit before

he shall be entitled to a deed. Defendant not having made the affidavit had not become entitled to a deed, but intruded upon plaintiff's right of possession without right or title. The conditions authorizing a recovery under the statute concurred, and as defendant had no right or title, when he made the entry, to set up by way of defense, the proposition of law was rightfully refused. He could not justify his entry by an attempt to show a subsequently acquired title, but must restore the possession wrongfully taken to the plaintiff, whose possessory right was invaded.

It is further argued that the action was barred by the Statute of Limitations. But that question cannot be considered in this court, for the reason that it was not preserved in any manner as a question of law in the trial court. The facts have been settled by the judgment of the Appellate Court, and no error of law is shown.

The judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BOGGS, having passed upon the case in the Appellate Court, took no part in its decision here.