## Thomas Brown v. Theodore H. Schintz, Trustee, et al.

1. DEBTOR AND CREDITOR—*Remedies of Creditor by Note and Mortgage.*—A creditor by note and mortgage has several remedies, either or all of which he may pursue until his debt is satisfied. He may proceed personally against the debtor upon the note, or, after condition broken, he may obtain possession by ejectment, or he may file a bill for foreclosure and sale, or, the mortgage being recorded, he may proceed by *scire facias* upon the record. These remedies are successive or concurrent at the election of the creditor.

2. PRACTICE—*Effect of an Appeal upon Decree Appealed from.*—An appeal does not vacate or set aside a decree. A supersedeas has no further or other effect upon the decree than to suspend its execution, and where the decree is self-executing it requires no execution to enforce its terms, but fixes and determines the rights of the parties thereto, without process of any kind thereon, until it shall be annulled, reversed or set aside.

3. SAME—*Court Acquiring Jurisdiction is Not Divested by Any Errors.*—When a court has acquired jurisdiction it is not divested by any errors, however grave, and its decree is conclusive and binding in all collateral proceedings. This is true on a trial in equity as well as at law.

4. RES ADJUDICATA—*Operates as an Estoppel Against Subsequent Litigation.*—A proper adjudication of the same subject-matter between the same parties operates as an estoppel upon them against subsequent litigation as to all matters that were actually in controversy and decided.

5. EJECTMENT—*A Court of Equity Will Enjoin Until Amount Due is Ascertained.*—When the amount due on trust deeds is unliquidated, an accounting is necessary to determine such amount, and as a court of equity offers the better and more adequate forum in which to try that issue, upon proper application, a court of equity will enjoin an ejectment until the amount due is ascertained.

Brown v. Schintz.

Bill for an Injunction.—Appeal from the Superior Court of Cook County; the Hon. Arthur H. Chetlain, Judge presiding.  Heard in this court at the October term, 1902.  Affirmed.  Opinion filed October 8  1903.

Albion Cate, attorney for appellant.

Ives, Mason & Wyman, attorneys for appellees.

Mr. Presiding Justice Ball delivered the opinion of the court.

April 26, 1897, appellant executed a note for $2,500 to his own order, due in five years, with interest notes of $75 each, due every six months, and indorsed these several notes to appellee Huber.  On the same day Brown and his wife secured  the payment of said notes by making and delivering  to appellee Schintz a trust deed of certain real estate.    At the same time he also executed another note for $700, with interest coupons, payable to his own order, which he indorsed to appellee Mann; and he and his wife made and  delivered to Schintz, of the same date, a trust deed of the same premises to secure said last mentioned notes.   Appellant began the building of a house upon the premises.   Schintz agreed to advance the money on the loans as the building progressed.   July 16, 1897, Schintz gave two checks to the order of appellant; one for $1,175, which appellant at once indorsed to C. S. Mattice & Co., contractors, who immediately indorsed it to Wheatman & Boulton, sub-contractors upon the building, and the other for $125, which he on the same day indorsed to C. S. Mattice & Co., who then and there indorsed it to James Dwyer, another sub-contractor.   All of these parties resided in Chicago, and the payee bank was there situate.   These checks were not presented to the bank until July 19, 1897, when the bank refused to pay them, giving as a reason for such refusal that Schintz had that day made an assignment for the benefit of his creditors.

August 9, 1897, Wheatman & Boulton filed a petition in the Circuit Court to enforce a sub-contractor's lien upon said premises.  They made Brown and wife, Schintz, trustee,

Huber and Mann, defendants. Schintz was defaulted; the other defendants answered. Huber and Mann in their answer set up the trust deeds and notes held by them respectively, and prayed a foreclosure thereof. Upon a reference the master found against Huber and Mann, and also declared that all petitions and answers claiming mechanics' liens should be dismissed for want of equity. January 15, 1900, the chancellor confirmed such report as to the mechanics' liens, but entered a decree in favor of Huber for $1,069.73 and costs, and in favor of Mann for $300.84 and costs, each subject to a trust deed executed by the receiver of said premises for $600. This finding in favor of Huber and Mann is based upon the fact that the two checks were not presented for payment within banking hours of the next day after they were delivered.

It will be noted that the chancellor did not decree a sale of the premises, but stopped short with the ascertainment of the rights of Huber and Mann under their respective notes and trust deeds.

June 11, 1900, Brown and wife, in the Appellate Court, sued out a writ of error to this decree and had the same made a supersedeas.

April 2, 1900, Schintz, trustee, and Huber and Mann, brought ejectment in the Superior Court against Brown for the possession of said premises. The latter pleaded to the merits, and then (June 15, 1900) filed this bill. In it he sets up the foregoing facts, and prays for an injunction restraining the plaintiffs in the ejectment suit, etc., until the further order of the court, and that upon final hearing said injunction be made perpetual; that he be permitted to redeem said premises by paying what, if anything, is due from him on said trust deed notes; that an accounting be had, and that he have such other and further relief, etc. An injunction was issued without notice. Four days later the injunctional order was vacated. The bill was thereafter amended, to which a demurrer was filed. A motion for an injunction based upon the bill as amended was denied, the demurrer was sustained, and the bill was dis-

missed for want of equity. From this decree an appeal was perfected.

Counsel for appellant says that the only question here is as to the validity of the amended bill. He further admits that " the real purpose of the bill is to enjoin the prosecution of the ejectment until it can be decided whether these $1,200 dishonored checks are payment." * * * "The ground for the injunction is that whether T. Brown owes anything on the notes is in controversy. * * * The redemption feature is not at all an essential, a prerequisite to the right to an injunction, which is really the only relief that complainant desires. The redemption feature may be treated as surplusage, cut out, and still complainant is entitled to the injunction as prayed."

It is elementary that a creditor by note and mortgage has several remedies, either or all of which he may pursue until his debt is satisfied. He may proceed personally against the debtor upon the note, or, after condition broken, he may obtain possession by ejectment, or he may file a bill for foreclosure and sale, or, the mortgage being recorded, he may proceed by *scire facias* upon the record. These remedies are successive or concurrent at the election of the creditor. Vansant v. Allmon, 23 Ill. 33.

In Wheatman v. Brown, the defendants, Huber and Mann, by their joint answer sought the foreclosure of their trust deeds. The chancellor found the sum due to each of them under their respective notes and trust deeds, but proceeded no further. This finding fixed their status as creditors of Brown by virtue of the notes and trust deeds, and determined that Schintz, as trustee, held the legal title to the said premises. The amount of the several indebtednesses being thus ascertained and liquidated, the creditors could call upon the trustee, as they did, to bring ejectment for the possession of the land.

The fact that the case of Wheatman v. Brown had been appealed did not aid appellant here. The appeal did not vacate or set aside the decree. (Moore v. Williams, 132 Ill. 589, and cases cited.) The supersedeas had no further

or other effect upon the decree, so far as this cause is concerned, than had the appeal—that is, to suspend the execution of the decree. But the decree referred to was self-executing; it required no execution to enforce its terms, but fixed and determined the rights of the parties thereto, without process of any kind thereon, until it should be annulled, reversed or set aside. It follows that the appeal in Wheatman v. Brown did not in any way or in any degree affect the rights of appellees to bring their suit in ejectment. (Ball v. Chadwick, 46 Ill. 28; Randles v. Randles, 67 Ind. 434; Curtis v. Root, 28 Ill. 367; Oakes v. Williams, 107 Ill. 154.)

The bill in the present case, as a bill to redeem, is fatally defective. It does not offer to pay the amount found due in Wheatman v. Brown. It asks for an accounting and offers to pay the amount that may be found due. (Bates v. Wheeler, 1 Scam. 54; 3 Pomeroy's Eq. Jur., Sec. 1219.) That question had been once adjudicated by a court of competent jurisdiction. In this proceeding that finding, whether right or wrong, was *res adjudicata* as to this appellant, notwithstanding the pending appeal. When a court has acquired jurisdiction it is not divested by any errors, however grave, and its decree is conclusive and binding in all collateral proceedings; and this is true on a trial in equity as well as at law. (Hernandez v. Drake, 81 Ill. 34; Knobloch v. Mueller, 123 Ill. 554.) A proper adjudication of the same subject-matter between the same parties operates as an estoppel upon them against subsequent litigation, as to all matters that were actually in controversy and decided. (Moore v. Williams, *supra;* Norris v. Ile, 152 Ill. 190; Roby v. Calumet, etc., Co., 165 Ill. 277.)

When the amount due is unliquidated, an accounting is necessary to determine this fact; and as a court of equity offers the better and more adequate forum in which to try that issue, upon proper application, a court of equity will enjoin an ejectment until the amount due is ascertained. (Harbison v. Houghton, 41 Ill. 522.) This law, however, does not apply to the present case, since here the amount

due is ascertained and fixed in the Wheatman v. Brown case. An accounting in this suit is not only unnecessary, but it is improper, since that fact is *res adjudicata*.

While it is not material to the decision of this case, we note the fact that the Supreme Court has affirmed the judgment of the Appellate Court, which affirmed the decree of the Circuit Court in Wheatman v. Brown, 202 Ill. 509.

The decree of the Superior Court is affirmed.