## J. Floersheim v. Frank Baude et al.

1. FORCIBLE DETAINER—*Right of Possession Only, is Involved.*—In an action of forcible detainer the only question involved is the right of possession.

2. SAME—*Lessee of Owner May Bring Action.*—A person entitled to possession of premises under a lease from the owner may bring an action of forcible detainer for them.

3. SAME—*Evidence of Right of Possession Makes a Prima Facie Case.*—Where the plaintiff in a forcible detainer case has proved that he has the right of possession at the time of suit brought he has made a *prima facie* case entitling him to recover, and thereby casts on defendant the burden of disproving it.

4. LANDLORD AND TENANT—*When Possession Follows the Ownership.*—Possession follows the ownership, unless there is an adverse possession.

Forcible Detainer.—Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed December 4, 1903.

STEIN & PLATT, attorneys for appellant.

C. H. HAVARD, attorney for appellees.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment for forcible detainer in favor of appellees and against appellant. The facts are substantially as follows: There is evidence tending to prove that L. Z. Leiter, August 29, 1901, was in possession and control of the premises numbered 173 and 175 Adams street, in the city of Chicago, claiming to be the owner thereof under a deed to him. August 29, 1901, Leiter, by

Floersheim v. Baude.

his duly authorized agent, one Hugh Crabbe, executed to appellees a lease of the second floor of the building numbered as above stated, from and including January 1, 1902, until and including December 31, 1904, for a total rental of $6,300, payable in thirty-six equal monthly installments of $175 each, in advance, on the first day of each month of the term. Appellant moved into said second floor of the building about the middle of December, 1901, and was in possession thereof in January, 1902. The appellees have never been in possession of the premises. It is admitted that a written demand for possession of the premises was served by appellees on appellant, at the premises, January 2, 1902. This suit was commenced before a justice of the peace January 11, 1902, and appellees recovered judgment before the justice. On appeal the Circuit Court directed a verdict for appellees and rendered judgment accordingly. The appellant offered no evidence on the trial.

As between the parties, the right of possession only is involved. Kepley v. Luke, 106 Ill. 395. And appellees, as lessees of Leiter, were entitled to commence the action. Ball v. Chadwick, 46 Ill. 28. Leiter, appellees' lessor, being in possession of the premises August 29, 1901, when he executed the lease, his possessory right from January 1, 1902, the beginning of appellees' term, passed to appellees. Palmer v. Frank, 169 Ill. 90. Possession follows the ownership, unless there is an adverse possession. 1 Taylor on Landlord and Tenant, Sec. 97. Appellant's counsel assume that it was incumbent on appellees not only to prove a possessory right in themselves, but to prove directly the negative of this, viz., that appellant had no possessory right whatever. We do not understand this to be the law. Appellees, by proving that they had the right of possession at the time of suit brought, made a *prima facie* case entitling them to recovery, and thereby cast on appellant the burden of disproving this. This was the course pursued by the defendant in Kepley v. Luke, *supra*. The appellant, as before stated, offered no evidence.

The judgment will be affirmed.