Kazimierz Benuszaitis and Mrs. Rachela Benuszaitis, Defendants in Error, v. T. Radawiczus, Plaintiff in Error.

## Gen. No. 17,229.

1. FORCIBLE DETAINER—*what right cannot be determined in.* An action of forcible detainer, does not lie to determine a boundary line or adjudicate a title.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court, at the March term, 1911. Reversed and remanded with directions. Opinion filed October 1, 1912.

THEODORE PROULX, for plaintiff in error.

A. T. POWERS, for defendants in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Defendants in error brought an action of forcible detainer against plaintiff in error in the Municipal Court of Chicago. The action is in form an action of forcible entry and detainer to recover from the plaintiff in error possession of the south 9 feet by 25 feet 35⅝ inches of the middle one-third of the north one-half of the south one-half of lot 19 in Egan's addition to Chicago.

The case was tried on an agreed statement of facts, which sets out the title of the plaintiff from Wm. B.

Egan, who was owner of the thirty-five acres of which lot 19 above described was a part. The statement of facts then sets out the derivation of title of the plaintiff in error of that part of the south half of lot 19 claimed to be owned by him from the same source of title. The statement shows that after the defendants in error acquired title, they took possession of the premises and erected buildings thereon and have ever since occupied them as a homestead, but omitted to place a fence upon the rear of their property; that, subsequently, plaintiff in error purchased the property claimed to be owned by him, namely the middle one-third of the south one-half of the south one-half of said lot 19, and soon thereafter erected a building and fence thereon, and has occupied these premises as a homestead. The statement then sets out the various claims of the parties, and closes as follows:

"Therefore, the question herewith submitted to this court for decision is, what should be the correct, just and legal length of each of said lots, and where should the line that divides said lots owned by the parties hereto, be drawn?"

The question thus stated by the parties and presented to the court on the trial and here on this writ of error is a question of title fundamentally,—it is not a question of possession. The dispute between the parties is one of title or boundary line. It is necessary to inquire into the title of the respective parties in order to determine the right of possession involved in the case.

In Thomas v. Olenik, 237 Ill. 167, it was held that title cannot be inquired into for any purpose in an action of forcible detainer.

It was held in Roby v. Calumet & Chicago Dock Co., 211 Ill. 173, that a judgment in forcible detainer is not an adjudication of title, since the only inquiry in such case is the right to immediate possession. The court also said:

"The only thing that could be decided in an action

of forcible detainer is the right of immediate possession of the premises, and we have repeatedly held that the title cannot be inquired into in proceedings of forcible detainer. Riverside Co. v. Townshend, 120 Ill. 9.''

Controverted questions of title cannot be tried or determined in an action of forcible detainer. Palmer v. Frank, 169 Ill. 90; Shoudy v. School Directors, 32 Ill. 290 Doty v. Burdick, 83 Ill. 473; Thomasson v. Wilson, 146 Ill. 384.

The court below had no jurisdiction to try the case. The judgment is reversed and cause remanded with directions to dismiss the case for want of jurisdiction.

*Reversed and remanded with directions.*