Argued March 27, affirmed in part June 17, 1930

RECKARD v. RYAN
(288 P. 1053)

*C. M. O'Neill* of Klamath Falls (O'Neill and Irwin of Klamath Falls on brief) for appellant.

No appearance for respondent.

BELT, J. This is an action of forcible entry and detainer. Plaintiff alleges:

I.

"That the plaintiff herein is entitled to the possession of all of that certain building known as 601 Main street, situated upon lot four (4), block three (3), original town of Klamath Falls.

II.

"That the defendant is in possession of certain desk space in said building and unlawfully holds the same with force and that the plaintiff is entitled to the possession thereof.

III.

"That the defendant despite demand therefor has failed, refused, and neglected to pay plaintiff rent for

said desk space in the sum of two hundred dollars ($200) which sum was due and payable February 1, 1929.

"Wherefore, Plaintiff prays for judgment against defendant and for the restitution of the said premises."

Defendant, after a general denial, alleges as an affirmative answer:

## I.

"* * * that, on or about the 5th day of January, 1926, this plaintiff was in possession as lessee of the room in the building described in the plaintiff's complaint, and leasing said room from month to month, and until such time as, the owner thereof might want to remove said building from said lot and erect in its stead and place a new building thereon said lot described in the plaintiff's complaint.

## II.

"That, upon the said January 5, 1926, this defendant leased from the plaintiff desk room in the said building for $30 per Month payable on the 5th day of each and every succeeding month, upon the following terms and conditions, Namely,

"It was Stipulated and Agreed between the defendant and this plaintiff, that, so long as, the plaintiff was permitted to hold possession and the occupancy of said building that, the defendant could and should have the right to occupy and lease the said desk room from the plaintiff so long as, the plaintiff held his lease from the owner and until such time as the plaintiff was compelled to vacate said building by the said owner for the purpose of new construction of another structure upon said lot. That thereafter said time and on or about July 1, 1928, it was agreed between the plaintiff and this defendant, the defendant should and would pay in the future succeeding months the sum of $40 per month upon the said terms of leasing and letting of said desk room by the plaintiff to this defendant.

### III.

"That, the defendant has paid plaintiff promptly and without any default the said stipulated rentals for said desk room; and that upon the 1st day of February, 1929, the defendant offered to and tendered to the plaintiff the rental for said month, which the plaintiff denied and refused to accept. That, the defendant did not at any time or at all promise and agree to pay this plaintiff the sum of $200 per month for the said Desk Room, or any other sum except the said sum of $40 per month for said leasing and letting.

### IV.

"That, the plaintiff long prior to and does now at the commencement of this action has had and now has the use and occupancy of said building under the said leasing and letting from the owner thereof, with the exception of the said Desk Room Sub-Let to this defendant, as aforesaid, and that the said leasing and letting of the said Desk Room by the plaintiff to this defendant has not by the terms thereof expired and terminated: and that the owner or owners of the said building has not and does not require the plaintiff to vacate said building for any purpose whatever, prior to and not at the time of the commencement of this action."

Plaintiff replied admitting the property was rented to defendant from "month to month" but denying the terms of the lease as alleged by defendant.

The cause was submitted to the court without a jury. During the pendency of the action the court, upon application of the defendant, issued a temporary restraining order against plaintiff directing him not to remove a certain sign upon the building occupied by defendant. Thereafter the court proceeded to dispose of the cause as in equity and entered a decree in favor of plaintiff directing restitution of the property and awarding judgment against defendant for rental alleged to be due. Defendant appeals.

■■ There is no transcript of the evidence. Therefore, we are not concerned with the argument of coun-

sel for appellant as to the terms of the lease. The case must be considered only in the light of the record before us. Under such circumstances we must assume that defendant defaulted in payment of rent and that there was cause for his eviction.

 The pleadings, however, contain no allegations of fact upon which to base equitable jurisdiction. Certainly the mere fact that a temporary restraining order was issued in a law action does not thus transfer the cause into equity. It was a simple action of forcible entry and detainer wherein the sole issue involved was the right to possession of the property in dispute: *Hostetler v. Eccles,* 112 Or. 572 (230 P. 549). Section 2539, Or. L., provides the kind of judgment to be entered when the action be tried by a court without a jury, viz, "for restitution of the premises and the costs and disbursements of the action." If the complaint be accepted as true, it was the only judgment possible in this action. No question of rent was involved. That issue must be determined in a separate action. As stated in *Hart v. Ferguson,* 73 Okl. 293 (176 P. 396):

"It is the unbroken line of decisions that, unless especially provided by statute, in an action of unlawful or forcible detainer, possession of the land is the only recovery that can be had. No question of rent, or damage to the land, is involved." Citing authorities in support.

Also see 26 C. J. 868.

That part of the decree awarding plaintiff judgment against defendant for rental alleged to be due is reversed. The remainder of the decree is affirmed. Defendant will be allowed costs and disbursements in this court by reason of being obliged to appeal from an erroneous decree in the particular mentioned.

Coshow, C. J., and Bean and Brown, JJ., concur.