## SEELEY v. HOUSTON et al.

No. 6607.  Decided October 14, 1943.  (141 P. 2d, 880.)

Rehearing denied November 27, 1943.

*F. B. Hammond*, of Price, for appellant.

*Ray E. Dillman*, of Roosevelt, for respondent.

LARSON, Justice.

Appellant brought suit in forcible entry and detainer against the defendants in the District Court of Uintah County.

The property in question, a tract of land in Uintah County, has been a source of considerable dispute and litigation between the parties. Defendant Fern Houston acquired an auditor's tax deed to the property, and began an action in forcible entry and detainer against the plaintiff herein. At the time set for the trial of that action, the parties entered into an escrow agreement, and plaintiff and his wife executed a quit claim deed to defendant Fern Houston. The agreement and deed were deposited with a local bank. By the terms of such agreement Fern Houston was to remove certain liens and mortgages from the property, and then upon payment by her to the bank of $300, less court costs for whatever actions were necessary to quiet title, she was to receive the quit claim deed executed by the Seeleys. Defendant removed the liens, or at least some of them, and upon payment to the bank of the $300, less $12 court costs, received the deed. The same day, defendant Fern Houston went to the Seeley home and delivered to Mrs. Seeley a copy of the deposit slip showing the deposit of $288 to the plaintiff's credit. At that time, Mrs. Seeley asked for three days to vacate the property. Thereafter, in the first part of October, defendant Ray Houston moved onto the property and has remained in possession of it ever since. At the time defendant Ray Houston moved onto the property there was still some of plaintiff's personal property on the place, but this was removed within two or three weeks. At no time did plaintiff make any objection to defendants' possession until March 20, 1940, when he served them with a notice to vacate. Prior to the time of the trial in the lower court plaintiff had withdrawn and applied to his own use, all of the money that defendant Fern Houston deposited to his credit in the bank in accordance with the escrow agreement. The trial court found that defendants Ray Houston and Fern Houston were entitled to possession of the land in question at the time of the trial. From such finding and decree plaintiff appeals.

As this is a law case, the findings must be approved if there is sufficient competent evidence to support them, and will not be disturbed unless it is manifest that they are so clearly against the weight of the evidence as to indicate a misconception, or not a due consideration of it. *Jensen* v. *Howell*, 75 Utah 64, 282 P. 1034; *Harper* v. *Tri-State Motors, Inc.*, 90 Utah 212, 58 P. 2d 18. This is an action of forcible entry and detainer, and the only question involved is the immediate right to possession. *Paxton* v. *Fisher*, 86 Utah 408, 45 P. 2d 903; *Woodbury* v. *Bunker*, 98 Utah 216, 98 P. 2d 948; *Bank of America Nat. Trust & Savings Ass'n* v. *McLaughlin Land & Livestock Co.*, 40 Cal. App. 2d 620, 105 P. 2d 607; *California Prod. Inc.* v. *Mitchell*, 52 Cal. App. 312, 198 P. 646; *Sunday* v. *Moore*, 135 Wash. 414, 237 P. 1014; *Biebel Roofing Co.* v. *Pritchett*, 373 Ill. 214, 25 N. E. 2d 800; *Reckard* v. *Ryan*, 133 Or. 108, 288 P. 1053. Our statute provides that the occupant of real property is one who within five days preceding such unlawful entry was in the peacable and undisturbed possession of such lands. 104-60-2, U. C. A. 1943.

The court made no specific finding as to who was in possession on or for five days prior to October 12, when defendant took possession of the land, and of that omission plaintiff complains. His contention is that since this is one of the elements necessary to prove a forcible entry and detainer, the court should have made a finding with respect thereto. However, it matters not who was in possession five days before, or for that matter, the day that defendants moved onto the land, if they did so with the consent, express or implied, of the person then in possession. In other words, lack of plaintiff's consent is also an element of the action. As above noted, the trial court found the entry was with the consent of Seeleys. If this finding is sustained, the judgment must stand.

In this regard, we have the escrow agreement and quit claim deed executed by plaintiff and his wife, properly admitted as evidence of the intention of the parties that when

defendant Fern Houston should do certain things therein specified, possession of the property should be surrendered to her. There is testimony that the Seeleys removed the greater part of their household goods and farm equipment, and most of their livestock. They left the house deserted, for just how long it does not appear, but apparently for some little time, as it is testified that some damage was being done to the house by children in the neighborhood. There is also the fact that when, after defendants took possession, plaintiff visited the premises to get some of his household goods left there, and later when he drove his livestock away, he made no protest about defendants being in possession, and in fact by his words and actions acquiesced in that possession. There is the further fact that plaintiff kept and applied to his own use the $288 paid by defendant Fern Houston in accordance with the escrow agreement. The finding of the lower court that defendants' entry "was rightful, and with the acquiescence and implied consent of the plaintiff and his wife" is supported by competent evidence and the same is affirmed.

Section 104-60-2 U. C. A. 1943 (same section R. S. U. 1933 provides:

"Every person is guilty of a forcible detainer who either:
* * *

"(2) In the nighttime, or during the absence of the occupants of any real property, *unlawfully* enters thereon, and, after demand made for the surrender thereof, refuses for the period of three days to surrender the same to such former occupant. The occupant of real property within the meaning of this subdivision is one who within five days preceding such unlawful entry was in the peaceable and undisturbed possession of such lands." (Italics added.)

This is apparently the statute under which plaintiff pleaded his cause of action for forcible detainer. Since the lower court properly found that defendants entered the land with the consent of plaintiff, and one of the elements of this action as set out by the statute above is the unlawful entry, the action must fail. Though it would have been

better form and practice for the lower court to have made a finding as to who was in possession of the property for five days preceding defendants' entry, a finding was made that such entry was with plaintiff's consent, and this covers the ground. Even though the court had found that plaintiff was in possession for five days immediately preceding the time of defendants' entry, such finding could in no wise have changed the result of the case.

In setting out the evidence above, upon which the lower court based its findings, we have omitted the testimony, admitted over plaintiff's objection, to the effect that Mrs. Seeley requested three days from the time that defendant Fern Houston paid the money to the Roosevelt bank and received the deed, to vacate the premises. Whether or not it may have been error to admit this testimony, the evidence excluding this was such as to compel findings in favor of plaintiff and sustain the judgment. We shall therefore not discuss it further.

We have examined the other errors assigned and find nothing there to disturb the judgment. Judgment affirmed. Costs to respondent.

We concur:

McDONOUGH, MOFFAT, and WADE, JJ., concur.

WOLF, Chief Justice (concurring).

I concur. As to the admission of the testimony regarding Mrs. Seeley having asked for 3 days grace in vacating, it appears that it was admitted over objection but the court stated that it would not consider it and then, not only considered it, but made a finding of it. Such conduct throws counsel off guard. Were it not for the fact that I consider the evidence without Mrs. Seeley's testimony so overwhelmingly in favor of the conclusions reached, that the Court could not well have found otherwise, I would think that counsel objecting to the testimony might have presented

a good reason for a new trial if he could show prejudice by having fashioned his conduct on the assurance of the court that it would not consider the evidence. In any material and important matter, if a trial court changes its mind after assuring counsel that it would or would not consider certain evidence or pursue a certain course of conduct, it should notify counsel of that change of decision so as to permit him to meet the issue on the basis of the court's change of decision. That is only fair. At all events I am not convinced that the testimony of Mrs. Seeley was not admissible against the plaintiff.