Argued May 24, affirmed June 28, reconsideration granted September 20, 1976

See 26 Or App 873, 544 P2d 631

PORT OF SIUSLAW, *Respondent,*

*v.*

RAM DEVELOPMENT CORPORATION, *Defendant,*
and
SIUSLAW ENTERPRISES, INC., *Appellant.*

(No. 75-3864, CA 5023)

551 P2d 494

*J. Sidney Armstrong,* Florence, argued the cause and filed the brief for appellant.

*Sidney J. Nicholson,* Florence, argued the cause for respondent. With him on the brief was David L. Clark, Florence.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

LEE, J.

**LEE, J.**

Defendant lessee appeals a judgment for forfeiture of premises leased to plaintiff lessor in a Forcible Entry and Wrongful Detainer (FED) (ORS 105.105-105.160) action.

Defendant contends that the matter was in equity and a forfeiture should not have been allowed.

Essentially, the trial court found that (1) the lease agreement between the parties required the defendant to pay the property tax on the leasehold improvements so as to avoid delinquency; (2) the defendant had failed to do so; (3) the defendant could avoid termination of the lease by remedying a default within 30 days of written notice; (4) plaintiff gave the required 30-day notice; (5) 30 days thereafter the defendant still had not paid the delinquent property taxes.

We conclude that the FED statutes provide for legal, not equitable relief. First, ORS 105.110[1] provides for an "action." Second, *Friedenthal v. Thompson,* 146 Or 640, 644, 31 P2d 643 (1934), refers to the "*action* of forcible entry and detainer." (Emphasis supplied.) Third, plaintiff's complaint was denominated "(Action at Law) (Forcible Entry and Detainer)." Fourth, defendant's answer did not seek to have the matter heard on the "equity" side of the court. Finally, the relief demanded by the parties was not of the traditionally equitable variety involving an in personam order to a party.

Defendant cites *Rainey v. Quigley,* 180 Or 554, 565,

---

[1] ORS 105.110 provides:

"When a forcible entry is made upon any premises, or when an entry is made in a peaceable manner and possession is held by force, the person entitled to the premises may maintain in the county where the property is situated an *action* to recover the possession thereof in the circuit court, district court or before any justice of the peace of the county." (Emphasis supplied.)

178 P2d 148, 170 ALR 1149 (1947), for the principle that:

> "A provision for forfeiture in a lease for failure to pay rent is generally considered in courts of equity as designed to secure payment, and the court will ordinarily relieve against a forfeiture for such cause upon payment of the sum secured, with interest. * * *"

However, *Rainey* also states that:

> "Courts of equity have long recognized a distinction between forfeitures agreed upon by the parties and those provided by statute. Equity may relieve from the former, but not from the latter. * * *" 180 Or at 557.

*Accord: Western Rebuilders, Inc. v. Felmley,* 237 Or 191, 386 P2d 813, 391 P2d 383 (1964).

In the instant case the court was acting under the authority of statute, not under general equitable powers.

Affirmed.

Schwab, C. J. concurs in the result.