On appellant's petition for reconsideration filed August 30, former opinion filed June 28, 25 Or App 899, 551 P2d 494, petition for reconsideration granted; former opinion withdrawn; affirmed September 20, 1976

## PORT OF SIUSLAW, *Respondent,*
*v.*
## RAM DEVELOPMENT CORPORATION, *Defendant,*
### and
## SIUSLAW ENTERPRISES, INC., *Appellant.*
### (No. 75-3864, CA 5023)
554 P2d 631

J. Sidney Armstrong, Florence, for petition.

No appearance contra.

LEE, J.

## LEE, J.

Siuslaw Enterprises, Inc., one of the defendants, petitions for reconsideration of our decision in *Port of Siuslaw v. Ram Dev.,* 25 Or App 899, 551 P2d 494 (1976). We have reconsidered our decision and we come to the same result as before but take this opportunity to more precisely delineate the applicable law.

This is an FED action (ORS 105.105 through 105.160) in which plaintiff is the lessor and defendant the lessee. One of the provisions of the agreement between the parties was that

"* * * Lessee acknowledges that Lessee will be assessed and Lessee agrees to pay any taxes assessed by the Lane County Tax Assessor on leasehold improvements only, and said taxes shall be paid before they become delinquent."

On June 12, 1975 (all dates hereinafter mentioned occurred in the year 1975), plaintiff notified defendant that

"* * * * *

"Please note the Port of Siuslaw Board of Commissioners do hereby serve you the following notice. The lease agreement between the two subject parties is in default and termination proceedings will commence on July 15, 1975, providing the following contended defaults are not completely corrected in accordance with the agreement as written:

"* * * * *

"* * * *Taxes* There is a balance due on the Lane County assessed taxes on the leased premises for the period FY-1974/75, totaling $768.94 plus interest. Said lease agreement provides that taxes shall be paid before they become delinquent. $442.25 plus interest of the above total is past due and is considered delinquent.

"* * * * *.""

Defendant failed to pay the taxes by July 21 when plaintiff notified the defendant that

"* * * you are hereby notified that default has not

[ 875 ]

been cured by you by July 15, 1975 as requested in the (30) day written notice. * * *

"As provided in said Lease Agreement please be advised that your lease is terminated, effective August 1, 1975 and Lessor demands the return of the premises to it on that date. If the premises are not delivered at that time Forcible Entry and Detainer action will be instituted against you.

"* * * * *."

On August 5 plaintiff filed this FED. On August 6 defendant paid the taxes—before, defendant alleges, it had been served with the complaint.

The case was tried to the court on August 11; the court decided for plaintiff and ordered restitution of the premises to it.

In its answer the defendant alleged—and respondent acknowledged—that the taxes were paid (on August 6). In its appeal defendant has insisted that (1) this allegation of payment raised an equitable defense and (2) equity will not allow the "forfeiture."

■ When an equitable defense is raised in a FED action, the only question is whether it constitutes a defense to one of the essential allegations of the FED complaint:

"(1) In an action pursuant to ORS 105.110 it is sufficient to state in the complaint:

"(a) A description of the premises with convenient certainty;

"(b) That the defendant is in possession of the premises;

"(c) That he entered upon the premises with force or unlawfully holds the premises with force; and

"(d) That the plaintiff is entitled to the possession of the premises." ORS 105.125(1).

■ In the instant case the question was whether defendant's allegation of payment, without more, was an equitable defense to the allegation that defendant

[ 876 ]

"unlawfully [held] the premises with force * * *."
ORS 105.115(1)(b) provides:

"(1) Except as provided by subsections (2) and (3) of this section, the following are causes of unlawful holding by force within the meaning of ORS 105.110 and 105.125:

"* * * * *

"(b) When the lease by its terms has expired and has not been renewed, or *when the tenant* or person in possession is holding from month to month, or year to year, and remains in possession after notice to quit as provided in ORS 105.120, or *is holding contrary to any condition or covenant of the lease* or is holding possession without any written lease or agreement." (Emphasis supplied.)

In *Fry v. D. H. Overmyer Co., Inc.,* 269 Or 281, 303-04, 525 P2d 140 (1974), the Supreme Court rejected a claim of equitable defense based on tender of rental payments shortly after the FED was filed, stating, *inter alia,* that:

"In *State Hwy. Comm. v. Demarest, supra,* as in this case, there was a lease which provided that if the lessee was in default for failure to pay rent for 10 days after it became due (the same period as provided by ORS 91.090), then the lessor, at his election, might declare the lease to be terminated. As in this case, when the FED proceeding was filed, the lessee tendered the rental payment. We held that in the absence of an equitable defense such as that of *fraud, mistake* or *estoppel,* the lease was terminated as a result of the failure of the tenant to pay rent for the period of 10 days after it became due. To the same effect, see *Caine v. Powell,* 185 Or 322, 330-31, 202 P2d 931 (1949), stating that *excusable negligence* or *accident may* also provide such a defense, but that each case 'must depend to a great extent upon its own circumstances.' " (Emphasis supplied.)

In the instant case neither fraud, mistake, estoppel, excusable negligence, accident, nor any other such "equitable defense" was even pleaded. At the trial the defendant put on no evidence. We find no equitable defense to the complaint. While it is true that equity

[ 877 ]

will not aid a forfeiture, it is necessary to distinguish between a forfeiture provided for in a contract between the parties and restitution of the premises mandated to the successful plaintiff in a FED action.[1]

As we emphasized in our former opinion and as the Supreme Court has also quoted in *Fry v. D. H. Overmyer Co., Inc., supra*:

> " 'Courts of equity have long recognized a distinction between forfeitures agreed upon by the parties and those provided by statute. Equity may relieve from the former, but not from the latter. * * *' [Rainey v. Quigley, 180 Or 554, 565, 178 P2d 148 (1947)]" 25 Or App at 902.

*See also,* Annotation, 16 ALR 437-38 (1922), and Annotation, 24 ALR 724-25 (1923).

■ The Supreme Court also stated in *Scroggins v. State Construction,* 259 Or 371, 375, 485 P2d 391 (1971), that "* * * [a] trial or appellate court sitting as a court of equity is not free to disregard clear statutory requirements regardless of the apparent injustice of the result. * * *" When there is no valid defense to a plaintiff's contractual right to terminate the lease, i.e., when the defendant is unlawfully holding the premises by force, the court "*shall* render a general judgment * * * for restitution of the premises * * *." (Emphasis supplied.) ORS 105.145. Indeed, such is the "* * * only judgment possible * * *." *Reckard v. Ryan,* 133 Or 108, 112, 288 P 1053 (1930).

■ In summary, once the plaintiff has proven his FED complaint and overcome any defenses which have been interposed, restitution of the premises to the plaintiff is mandated. This is the situation in the case at bar.

Former opinion withdrawn; affirmed.

---

[1] ORS 105.145 provides:

"* * * If the court finds the complaint true or if judgment is rendered by default, it *shall render* a general *judgment* against the defendant and in favor of the plaintiff, *for restitution of the premises* and the costs and disbursements of the action. * * *" (Emphasis supplied.)